Argued November 5, decided November 24, 1908.

## GUERNSEY *v.* McHALEY.

[98 Pac. 158.]

ELECTIONS—NOTICE.

1. Where the object of an election and the time and place are specified by general law, the requirement as to notice is directory, and a failure of the officer to discharge his duty of posting notices will not invalidate the election; but if the time of the election is to be fixed by some public authority after the happening of some condition precedent, or if some special question is to be submitted to the voters at a regular election, the law authorizing such election, or the submission of such question, and the law providing for notice thereof, must be strictly followed.

INTOXICATING LIQUORS—LOCAL OPTION—SUBMISSION TO POPULAR VOTE—
    NOTICE OF ELECTION.

2. The local option law (Laws 1905, p. 41, c. 2) provides that whenever, on petition therefor filed with the county clerk, he shall order an election to be held to determine whether the sale of intoxicating liquors shall be prohibited in such county, subdivision, or precinct thereof, the clerk is required to deliver to the sheriff of the county, at least 20 days before the election, at least five notices of the election for each precinct in the county voting on the question, which the sheriff, at least 12 days before election, shall post in public places in the vicinity of the polling places. *Held*, that where notices for such an election were properly issued and delivered to the sheriff, but none were posted in one precinct, and in another the notices were posted for only 11 days, in another for only 10 days, and in still another but 3 notices were posted, and those for only 8 days, the election was void, and the County Judge and County Commissioners could be enjoined from making an order prohibiting the sale of intoxicating liquors in such county.

From Grant: GEORGE E. DAVIS, Judge.

This is a suit by C. G. Guernsey and R. A. Clark, against R. R. McHaley, County Judge, and the County Commissioners of Grant County, Oregon, to enjoin them, as such officers, from making an order prohibiting the sale of intoxicating liquors in said county, in accordance with the result of an election held therein, on the 1st day of June, 1908.  From a decree in favor of defendants, plaintiffs appeal.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit against the County Judge and Commissioners of Grant County, to enjoin and restrain them from making an order prohibiting the sale of intoxicating liquors in such county, in accordance with the result of an election held therein on June 1, 1908.

From the record it appears that, pursuant to a proper petition therefor, the County Court on May 6, 1908, duly entered an order calling an election in such county, to be held on June 1st, to determine whether the sale of intoxicating liquors should be prohibited in the county, as a whole. The County Clerk thereupon issued and delivered to the sheriff the requisite notices for such election, but none were posted in one precinct, in another the notices were posted for only 11 days, in another for only 10 days before the election, and in still another but three notices were posted, and these for only eight days. The election resulted in a small majority in favor of prohibition, and this suit is brought by a firm of retail liquor dealers for the purpose of testing its validity.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. V. G. Cozad.*

For respondents there was a brief over the names of *Mr. John W. McColloch,* District Attorney, and *Mr. Wells W. Wood,* with an oral argument by *Mr. Andrew M. Crawford,* Attorney General

Opinion by MR. CHIEF JUSTICE BEAN.

The right of plaintiffs to maintain the suit is settled by *Marsden* v. *Harlocker,* 48 Or. 90, (85 Pac. 328: 120 Am. St. Rep. 786), and by the recent case of *Hall* v. *Dunn,* 52 Or. 475 (97 Pac. 811), and therefore the only question necessary for our consideration at this time is whether the election was invalid, because of the failure to give notice thereof as required by law.

The local option law (chapter 2, p. 41, Laws 1905) provides that whenever a petition therefor, signed by not less than 10 per cent of the registered voters of any county, or subdivision or precinct thereof, shall be filed with the county clerk in the manner prescribed in the act, the county clerk shall order an election to be held at the time mentioned in such petition to determine whether the

sale of intoxicating liquors shall be prohibited in such county, subdivision or precinct thereof, as the case may be; the first election to be held on the first Tuesday after the first Monday in November, 1904, and thereafter only on the first Monday of June of any year. At least 20 days before any election, the county clerk is required to deliver to the sheriff of the county at least five notices of the election for each precinct in the county voting on the question, the form of such notice being prescribed by the statute, and it is made the duty of the sheriff, at least 12 days before the election, to post said notices in public places in the vicinity of the polling place or places, and enter of record his compliance with the law in this regard.

The courts are practically unanimous that, where the object of an election and the time and place are provided by general law, the requirement as to notice is directory, and a failure of the officer charged with the duty of posting or publishing such notice to discharge his duty in that regard will not invalidate the election, and it seems equally as well settled that, if the time of the election is to be fixed by some public authority, after the happening of some condition precedent, or if some special question is in like manner to be submitted to the voters at a regular election, the law authorizing such election, or the submission of such question, and providing for notice thereof, must be strictly followed. Cooley, Const. Lim. *603; *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328: 120 Am. St. Rep. 786) ; *George* v. *Oxford Township,* 16 Kan. 72; *Demaree* v. *Johnson,* 150 Ind. 419 (49 N. E. 1062: 50 N. E. 376) ; *Stephens* v. *People ex rel.* 89 Ill. 337. The reason for this distinction is that every voter is presumed to know the law and be thereby informed, as to the time when, the place where, and the officers to be elected, or matters to be determined at a general election, held in pursuance of a public statute, and thus to be fully advised in the premises; but where the elec-

tion is not held in pursuance of such a general law, or ·
some matter not provided in such law is to be determined
thereat, this presumption does not arise, and the law
authorizing such election or the submission of such ques-
tion must be strictly pursued, and the required notice
given.

2. This is the rule announced by this court in *Marsden*
v. *Harlocker,* 48 Or. 90 (85 Pac. 328), as applicable to
an election under the local option law, and, while the
question was not directly involved in that case, what is
said in the opinion in reference thereto is borne out by
the authorities.   Thus the local option law of Texas
requires the clerk to post, or cause to be posted, at least
five notices of the order for an election, at different
public places in the county, for at least 20 days prior
to the day of election.   In *Ex parte* Kramer, 19 Tex.
App. 123, but one notice was posted for the required
length of time—the other four having been posted less
than 20 days—and the court held the election to be
void.   In *Ex parte* Conley, 75 S. W. 301, the Court .of
Criminal Appeals of that State, after a review of previous
decisions, held that an election under the local option
law was void, when it appeared that all but one of the
notices had been posted the required length of time, and
the election had been fair, and no actual injury resulted
on account of the failure to give the requisite notice, for
the reason that the law-making power had seen fit to
provide the prerequisites of a legal vote, and the court
could not disregard or dispense with any of them.   The
local option law of Missouri requires that notice of elec-
tions thereunder be given by publication in some news-
paper printed in the county for four consecutive weeks,
and the courts of that State have uniformly held that
the notice required by the law is absolutely essential to
the validity of an election, and unless given the election
is void.   *State ex rel.* v. *Tucker,* 32 Mo. App. 620; *Bean*
v. *Barton Co. Court,* 33 Mo. App. 635; *State* v. *Kaufman,*
45 Mo. App. 656; *State* v. *Kampman,* 75 Mo. App. 188.

It is suggested that the decisions in Texas and Missouri are not applicable here, because in those states the County Courts fix the time for holding the election, while our statute requires it to be held, if at all, on the first Monday of June; but it is believed that on principle and authority this does not change the rule. The statute does not require an election to be held on the first Monday of June of each year, but that when held at all it must be on that day. There can be no legal election unless ordered by the County Court in pursuance of a proper petition therefor, and the voters cannot be presumed to be advised of the orders of the court, or to know that an election is to be held, unless notice is brought home to them in the manner provided in the statute. The logic of the position is that, because the date on which the election must be held is provided by law, no notices whatever are necessary. In other words, the voters are bound to know that an election may be held each year at the time designated in the statute and are required to govern themselves accordingly. We think this is untenable and not supported by the authorities. An act of the State of Missouri, for the opening and improvement of highways, provided it should be enforced in each county if a majority of the qualified voters thereof should, at an election ordered by the County Court, vote in favor of its adoption. Notices of such election were required to be given by publication for four consecutive weeks in some newspaper in the county, and it was held that the provisions in reference to the notice was mandatory, and unless it was given as provided in the statute the election was absolutely void, although the question was submitted at a general election. *State ex rel.* v. *Martin,* 83 Mo. 55. A local option law of Virginia, providing for submitting the question of liquor license or no license to the qualified voters of Warren and Clarke counties on the Tuesday succeeding the first Monday of

November, 1880, and every two years thereafter, made it the duty of the sheriff to post notices of such election at every voting place or precinct in the county, and the court held that an election thereunder was void for a failure to post such notices. *Haddox* v. *County of Clarke,* 79 Va. 677. A local option law of New York authorized the submission of the question of license or no license to the electors of a town "at the coming town meeting" on a petition of a certain per cent of the voters, and required the clerk, at least 10 days before such meeting, to post notices that such question would be voted on, and the courts of that State held the law to be mandatory and the election void if the required notices were not given, although it appeared that a large number and probably all the voters knew the question was to be submitted. *Matter of Eggleston,* 51 App. Div. 38 (64 N. Y. Supp. 471) ; *Matter of Sullivan,* 34 Misc. Rep. 598 (70 N. Y. Supp. 374) ; *Matter of O'Hara,* 63 App. Div. 512 (71 N. Y. Supp. 613).

It is said that no substantial injury resulted in the case under consideration from the failure to post the notices as required by law, but this can never be known. There was, in fact, less votes cast on the question of prohibition than for some of the county officers, and there is no means of determining how many voters did not attend the election who would have done so if they had been advised that such question was to be submitted.

The decree of the court below is reversed, and one entered here as prayed for.          REVERSED.