Argued February 10, decided March 9, 1909.

## GUE *v.* CITY OF EUGENE.

[100 Pac. 254.]

CRIMINAL LAW—JUDICIAL NOTICE—ADOPTION OF LOCAL OPTION LAW.

1. Judicial notice cannot be taken that the local option law is applicable to a county, as its adoption can be accomplished only by special election.

CERTIORARI—REVIEW—SCOPE AND EXTENT.

2. Under Section 597, B. & C. Comp., providing that the writ of review shall be concurrent with the right of appeal and shall be allowed where the inferior court appears to have exercised judicial functions erroneously or to have exceeded its jurisdiction to the injury of some substantial right, the reviewing court on a writ of review, which is substantially the common-law remedy by *certiorari*, must from an inspection of the return determine whether jurisdiction has been originally obtained, and also ascertain if enough appears from the record to uphold the judgment, and thereon the proceedings must either be affirmed or set aside.

CRIMINAL LAW—PLEA OF FORMER ACQUITTAL—WAIVER.

3. Under Section 1367, subd. 3, B. & C. Comp., requiring every plea to be oral, and prescribing the form of a plea of former acquittal, that defense is waived where not taken advantage of at the proper time by a plea in bar to a second complaint.

WORDS AND PHRASES—"BEVERAGE."

4. The use of liquor as a "beverage" does not mean simply that the same is to be drunk, but the word "beverage" is used to distinguish the act of drinking liquor for the mere pleasure of drinking, from its use for medicinal purposes.

INTOXICATING LIQUORS—COMPLAINT—SUFFICIENCY—NEGATIVING LAW-
FUL SALE—"FOR BEVERAGE PURPOSES."

5. A complaint charging that defendant unlawfully sold a quart of beer "for beverage purposes," in violation of an ordinance making it unlawful to

sell intoxicating liquor, but providing that it should not be construed to prohibit the sale of alcoholic stimulants as medicine, nor the sale of alcoholic liquors by one registered pharmacist to another, sufficiently negatived a lawful sale as medicine or by one pharmacist to another, the phrase "for beverage purposes" signifying a sale to gratify an appetite for intoxicants or for the mental exaltation or physical effect which the imbibing of a stimulant immediately affords, as contradistinguished from a sale for the objects authorized by the ordinance.

CRIMINAL LAW — REVIEW — WRIT OF REVIEW — EVIDENCE OUTSIDE RECORD.

6. Evidence outside the record will not be considered on a writ of review to set aside the judgment of a city recorder's court.

INDICTMENT AND INFORMATION—COMPLAINT IN CITY COURT—INDORSEMENT OF NAMES OF WITNESSES—WAIVER.

7. The objection that a complaint in a city recorder's court was insufficient because the names of the witnesses who were examined by the recorder were not inserted at the foot thereof, nor indorsed thereon, is tantamount to a motion to set aside the complaint, which under Section 1350, B. & C. Comp., must be made at arraignment, and the irregularity, if any, is waived by interposing a demurrer before making such motion.

From Lane: LAWRENCE T. HARRIS, Judge.

This proceeding is a writ of review by Wallace R. Gue against the City of Eugene, wherein the circuit court rendered a decree annulling a judgment in the recorder's court of said city, wherein the plaintiff was sentenced to pay a fine of $200 for violating one of the city ordinances, relating to the sale of intoxicating liquors. From the decree in favor of plaintiff, defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by Mr. S. D. Allen.

For respondent there was a brief and an oral argument by Mr. Lee M. Travis.

Opinion by MR. CHIEF JUSTICE MOORE.

This is an appeal by the defendant from a decision of the circuit court for Lane County, annulling a judgment of the recorder's court of Eugene, whereby the plaintiff, W. R. Gue, was sentenced to pay a fine of $200 for an alleged transgression of section 3 of ordinance No. 672 of that city, declaring the sale therein of intoxicating liquors to be unlawful, except for mechani-

cal, sacramental, and medicinal purposes, and prescribing penalties for an infringement thereof. A writ of review having been issued, the return states that on July 1, 1907, there was filed in the municipal court a complaint, charging Gue with violating the provisions .of the section mentioned. The defendant therein having appeared, the action was dismissed, and another verified complaint filed, July 3, 1907, which, omitting the formal ·parts, is as follows:

"W. R. Gue is accused by this complaint with the violation of section 3 of ordinance No. 672 of the City of Eugene, entitled, * * committed as follows: That on the 26th day of June, 1907, within the corporate limits of the City of Eugene, and then and there being, the said W. R. Gue did willfully and unlawfully sell for beverage purposes to one J. D. Woodruff for the price of twenty-five cents, certain intoxicating liquors, to-wit: one quart of beer, against the peace and dignity of the said City of Eugene, and ·contrary to the ordinance in such case made and provided."

A demurrer to this charge, based on several grounds, was overruled, and a plea of not guilty interposed, whereupon a trial was had, and the defendant, being found by the jury guilty as charged, was sentenced as hereinbefore stated. To review such judgment these proceedings were instituted. The circuit court, considering the return to the writ of review, set aside the judgment of the municipal court, on the ground that the adoption of the local option law by the voters of Lane County deprived the common council of the City of Eugene of all power to prohibit the sale of intoxicating liquors, and vested such authority in the circuit and justices' courts. Laws Or. 1905, p. 49.

1. It does not appear from the transcript that, in the action out of which this proceeding arose, any finding was made or stipulation filed to the effect that the local option law was made specifically applicable to Lane County, and, as the adoption of that enactment as applied to such territory could have been accomplished only

by an election which would have been special (*Guernsey*
v. *McHaley,* 51 Or. 555: 98 Pac. 158), the circuit court
could not take judicial notice thereof (17 Am. & Eng.
Enc. Law (2 ed.) 898).

2. The only question, therefore, to be considered is
whether the municipal court, in the discharge of judicial
duty, appears to have exercised its functions erroneously,
or to have exceeded its jurisdiction, to the injury of
some substantial right of the plaintiff. Section 597, B.
& C. Comp.

When a writ of review, which is substantially the
common-law remedy by certiorari, removes the record
of an inferior tribunal, the reviewing court must, from
an inspection of the return, determine whether jurisdic-
tion had been originally secured, and also ascertain if
enough appears from the record to uphold the judgment,
and, based thereon, the proceedings must either be
affirmed or set aside. The plaintiff's counsel contends
that from an inspection of the return to the writ of
review it is manifest that the recorder's court was with-
out jurisdiction, and its record is insufficient to sustain
the sentence imposed, in that the dismissal of the first
complaint operated as a bar to any further proceedings
for the same offense, for which reason the judgment of
the circuit court should be affirmed. A criminal action
in a justice's court is commenced and proceeded in to
a final determination, and the judgment therein enforced,
in nearly the same manner as the trial of such actions
in the circuit court. Section 2263, B. & C. Comp. Such
action is commenced in the former court by the filing
of a verified complaint (Section 2264, B. & C. Comp.),
which is to be deemed an indictment, so far as it relates
to what is required to be averred and to the form of the
statement. Section 2265, B. & C. Comp. Section 18
of chapter 4 of the charter of Eugene contains a clause
as follows:

"All civil and criminal proceedings in the recorder's
court are governed and regulated by the general laws

of the State governing justices of the peace and justices' courts, except that the accused shall not have the right of trial by jury, unless he demand the same before any witnesses are sworn on the trial of the cause." Sp. Laws Or. 1905, p. 246.

3. This quotation and the preceding excerpts from the statute have been given to exhibit the rules of practice applicable to criminal actions in the recorder's court of the City of Eugene, and to illustrate the following section of the statute, upon which plaintiff's counsel relies to substantiate the claim of a want of jurisdiction, to-wit:

"An order for the dismissal of a charge or action, as provided in this chapter, is a bar to another prosecution for the same crime if it be a misdemeanor; but it is not a bar if the crime charged be a felony." Section 1564, B. & C. Comp.

An illegal sale of intoxicating liquor is only a misdemeanor which subjects the offender, upon conviction thereof, to punishment by a fine or imprisonment in jail, or by both such amercement and incarceration.

The order of the recorder, dismissing the first complaint, states that such direction was given because the city attorney inadvertently omitted to aver in the pleading that the sale of the intoxicating liquor was made "for beverage purposes." Assuming, without deciding, that such order operated as an acquittal of the plaintiff, he could have availed himself thereof by interposing a plea in bar to the second complaint. Section 1367, subd. 3, B. & C. Comp. The return to the writ of review fails to show that he took advantage of such order in the recorder's court. The defense of former acquittal was personal to the plaintiff, and, as he did not take advantage of the order at the proper time, he waived the matter. *State v. Houghton*, 45 Or. 110 (75 Pac. 887).

4. It is insisted by plaintiff's counsel that the second complaint does not charge the commission of a crime, because it does not negative sales of intoxicating liquor which could legally have been made. It will be remem-

bered that the plaintiff was charged with unlawfully selling intoxicating liquor "for beverage purposes." It was necessary to disavow in the complaint, sales of intoxicating liquor that could have been made without violating the provisions of any enactment. *Wong Sing* v. *Independence*, 47 Or. 231 (83 Pac. 387). Section 3 of ordinance No. 672, so far as material herein, is as follows:

"It shall be unlawful for any person, firm, company, or corporation to sell, barter, or give away to any person or persons whomsoever within the City of Eugene, any intoxicating liquor, provided however, nothing herein contained shall prohibit the sale of pure alcohol for scientific or manufacturing purposes, or wines to church officials for sacramental purposes, nor alcoholic stimulants as medicine in cases of actual sickness. * * Nothing in this ordinance shall be construed to prevent one registered pharmacist selling such alconolic liquors to another registered pharmacist."

An examination of the complaint, as hereinbefore set forth, will disclose that the intoxicant alleged to have been unlawfully sold by the plaintiff was a quart of beer, and though such liquid cannot, within the meaning of the section of the ordinance quoted, be designated as "pure alcohol" or "wine" as therein specified, it might be classed as "alcoholic stimulants" for medicine, or "alcoholic liquors," which could be lawfully sold by one registered pharmacist to another. As the liquid alleged to have been sold was beer, which intoxicant could have been legally disposed of as medicine and also by one licensed druggist to another, it remains to be seen whether a sale of beer for such objects is negatived in the complaint.

5. "The use of liquor as a beverage," say the editors of Words and Phrases (volume 1, p. 769), "does not mean simply that the same is to be drunk, but the word 'beverage' is used to distinguish the act of drinking liquor for the mere pleasure of drinking from its use for

medicinal purposes." The phrase, "for beverage pur-
poses," as used in the complaint, signifies a sale of malt
liquor to a person in order to gratify an appetite for
intoxicants, or for the mental exaltation or for the physi-
cal effect which the imbibing of a stimulant immediately
affords, as contradistinguished from a sale of such liquor
for any of the objects authorized by the section of the
ordinance under consideration. The complaint, in our
opinion, sufficiently negatived any lawful sale of the
liquor specified.

6. It is argued by plaintiff's counsel, in support of the
judgment given by the circuit court, that the complaint
in the recorder's court was insufficient, because it did
not have inserted at the foot thereof or indorsed thereon
the names of the witnesses who were examined by the
city recorder when the formal charge was filed, as required
by Section 1295, B. & C. Comp. The return to the writ
of review shows that, after the demurrer to the complaint
was overruled in the municipal court, the plaintiff herein
entered a plea of not guilty, and thereupon demanded a
list of the witnesses who would appear for the city, and
that the names of such persons were furnished him. If
it be assumed that the witnesses, if any, who appeared
before the city recorder when the complaint was pre-
pared, should be entered in that pleading or indorsed
thereon, the question now sought to be raised was evi-
dently not presented to. the municipal court, for it does
not appear by affidavit or otherwise that any person,
except E. A. Farrington, who is designated as the com-
plainant, presented himself as an informant, or that any
other testimony was given as a basis for the charge.
Unless the record affirmatively shows such fact, evidence
outside thereof will not be considered on a writ of review.
*Curran* v. *State*, 53 Or. 154 (99 Pac. 420).

7. The objection now urged is tantamount to a motion
to set aside the complaint, which, in order to be availing,
should have been made at the time of the arraignment

(Section 1350, B. & C. Comp.), but, by interposing a demurrer before making such motion, the plaintiff waived the irregularity, if any existed. *State* v. *Smith*, 33 Or. 483 (55 Pac. 534); *State* v. *McElvain*, 35 Or. 365 (58 Pac. 525).

Subdivision 18 of section 48 of chapter 7 of the charter of Eugene (Sp. Laws Or. 1905, p. 252) authorizes the common council of that city to prohibit therein the sale of intoxicating liquor, and, as the return to the writ of review does not show that this power has been suspended in any manner, it follows that the judgment of the circuit court ought to be reversed and the cause remanded, with directions to dismiss the proceedings; and it is so ordered.

REVERSED.