Argued November 7, decided November 29, 1910.

## STATE v. MURRELL.

[111 Pac. 689.]

INTOXICATING LIQUORS—LOCAL OPTION ELECTION—STATUTES—REPEAL.
1. The local option law (Laws 1905, p. 47, § 10) requires the county clerk and two justices to open the returns of a local option election and make an abstract of the vote for the information of the county court, and requires such court, if a majority of the votes are for prohibition, to immediately declare the result by an order prohibiting the sale of intoxicants, and Section 9 provides that in all elections hereunder in all matters not specified the general election laws shall apply so far as applicable. Section 2833, B. & C. Comp., being a part of the general election laws, requires the county clerk and two justices to open the returns and make abstracts of the vote, the abstract for votes for Governor to be on one sheet and sent separately to the Secretary of State; the abstracts for State officers, for members of the legislature, and for county and precinct officers, each to be on one sheet. Laws 1907, p. 357, to be known as Section 2833a requires the county clerk, upon the completion of the canvass of the votes by the county board of canvassers as provided in Section 2833, to enter in a book known as the "Election Record" a complete summary of all the votes cast in the county for all offices and all questions voted upon. *Held*, that Section 2833a did not affect or repeal Section 2833, or Section 10 of the act of 1905, even if it had any application to an election held under that act, so that the fact that the permanent record contemplated by Section 2833a was not made before the promulgation of an order of prohibition by the county court would not affect its validity; the abstract made by the county clerk and justices pursuant to Section 10, and not the election record made by the county clerk, being the evidence of the result of the local option election upon which the county court is authorized to act.

INTOXICATING LIQUORS—LOCAL OPTION ELECTION—ABSTRACT OF VOTE—
    SUFFICIENCY OF CERTIFICATE.
2. A certificate of the abstract of the vote at a local option election pursuant to the local option law (Laws 1905, p. 47, § 10) was upon a printed blank naming the state and county, and stating that the undersigned thereby certified that the above was a true and correct abstract of the votes cast at a general election held on the date named in the county and state, "for the office of —————— as canvassed by us this 3rd day of June, A. D. 1908," the certificate being signed by two justices and the county clerk. *Held*, that the certificate verified the whole abstract, and was sufficient.

From Umatilla: HENRY J. BEAN, Judge.

The defendant, Thomas Murrell, was convicted of selling intoxicating liquors in violation of the local option law, and he appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. James H. Raley, Mr. Homer Watts* and *Messrs. Lowell & Winter,* with an oral argument by *Mr. Raley.*

For the State there was a brief and an oral argument by *Mr. Gilbert W. Phelps,* District Attorney.

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a criminal action in which defendant is charged with the violation of the local option statute in Umatilla County, where prohibition had been declared. He was indicted on March 17, 1910, for unlawfully selling intoxicating liquor on February 27, 1910, to J. W. Weaver, with intent and purpose of evading the provisions of the local option law. Defendant pleaded not guilty, and the facts were stipulated. A jury trial was waived, and the court found defendant guilty, and from a judgment thereon he appealed. The stipulation admits the truth of all the facts charged in the indictment, but denies that they constitute a violation of law, for the reason that the county court did not make a valid order prohibiting the sale of intoxicating liquor in that county. The defendant in his brief states that "the only material point desired to be raised upon this appeal is the validity of the local option law in Umatilla County under the facts surrounding the proclamation of the result thereof (the election) by the county court." The stipulation of the facts is set out in full in the bill of exceptions, to which is attached, as a part thereof, the "abstract of the vote," required by section 10 of the local option law (Laws 1905, p. 47), prepared by the canvassing board, viz., the county clerk and two justices of the peace of the county. It is prepared in tabulated form, giving the vote in each precinct for each candidate for office, and for and against each measure submitted to the voters, including the measure submitting the question of prohibition in Umatilla

County, said abstract being certified upon a printed blank in the following words:

"STATE OF OREGON, ⎫ *ss.*
    County of Umatilla. ⎭

We, the undersigned, do hereby certify that the above is a true and correct abstract of the votes cast at a general election, held on the first day of June, 1908, in said county of Umatilla and State of Oregon, for the office of ――― as canvassed by us this 3d day of June, A. D. 1908.

 J. F. Wallan, justice of the peace for Adams Precinct.

 Abe Miller, justice of the peace for Pilot Rock Precinct.

 Frank Saling, county clerk of Umatilla County. [Seal of county court.]" This abstract is indorsed on the back: "Filed June 3, 1908, Frank Saling, clerk."

1. Section 10 of the local option law (Laws 1905, p. 47) among other things provides that the county clerk and two justices "shall proceed to open said returns and make an abstract of the vote for the information of the county court," and that the county court shall "hold a special session and if a majority of the votes hereon in the county as a whole * * are 'for prohibition' said court shall immediately make an order declaring the result of said vote and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits." Section 9 of that act provides that "in all elections hereunder, in all matters and proceedings not herein specified, the provisions of the general election laws of the state shall apply so far as the same are applicable." Section 2833, B. & C. Comp., which is a part of the general election laws, provides that the county clerk and two justices of the peace shall proceed to open the election returns and make abstracts of the votes, the abstract of votes for Governor to be on one sheet, and sent separately to the Secretary of State, for State officers, on one sheet, for members of the legislative

assembly on one sheet, and for county and pre-
cinct officers on another sheet. In 1907 an act was
adopted by the legislature providing for the making
and signing of a permanent record of all elections,
to be known as Section 2833*a,* viz.:

"Upon the completion of the canvass of the votes by
the county board of canvassers as provided in Section
2833, the county clerk shall enter in a book to be kept
for that purpose and known as the 'Election Record,' a
complete summary of all the votes cast in his county
for all offices and all candidates for such offices, and
for all measures or questions voted upon. * *" Laws
1907, p. 357.

It is contended by defendant that this permanent
record was not made by the clerk prior to making the
order of prohibition by the county court, and that this
permanent record is the only source from which the
county court may obtain information and authority to
declare the result of the election, but we do not so under-
stand it. Section 2833*a* does not attempt to amend or
annul any of the terms of Section 2833, but is supple-
mental thereto, providing for a permanent record. The
Secretary of State and the Governor in issuing certifi-
cates of election to candidates elected must still act upon
abstracts sent by the county clerk under Section 2833.
Neither does it amend nor repeal Section 10 of the act
of 1905, if it has any application to an election under that
law at all. What otherwise may be the effect of the
neglect or delay of the clerk in making the permanent
record, it has no bearing upon the duty of the Secretary
of State and county clerk in the one case or the county
court in the other to act upon the abstract in determining
the result of the election, either as to candidates or
measures. The abstract still constitutes the evidence of
the result of the canvass upon which in the latter case
the county court is authorized to act.

Counsel for defendant have presented this question upon the theory that the "permanent record" is the only evidence of the result of the canvass by the board, but that position can only be maintained by assuming that Section 2833a repeals or amends Section 10 of the act of 1905, which is not tenable. There is no question here as to the evidence from which the canvassing board shall make the abstract, but only how it shall certify it to the county court; and Section 2833a does not change Section 10 of the act of 1905 in that regard. The question involved in *Simon* v. *Durham*, 10 Or. 52, was as to the competency of the evidence before the canvassing board, and the same is true of *County of Lawrence* v. *Schmaulhausen*, 123 Ill. 321 (14 N. E. 255), and other cases cited. But no such question arises here.

2. At the oral argument the sufficiency of the certificate to the abstract made by the canvassing board was questioned, but the certificate verifies the whole abstract, and we deem it sufficient.

The judgment is affirmed.                     AFFIRMED.