Argued May 23, decided May 31, rehearing denied July 11, 1911.

## STATE v. HEARN.

[115 Pac. 1066: 117 Pac. 412.]

CONSTITUTIONAL LAW—OPERATION AS TO. LAWS PREVIOUSLY IN FORCE —LOCAL OPTION.

1. Section 2, Article XI, of the Constitution of Oregon (p. 25, L. O. L.), as amended Nov. 8, 1910, provides that the legislature shall not amend any municipal charter, but that the voters of every city and town are granted power to amend their charter, subject to the constitution and criminal laws of the State, and that the exclusive power to license or prohibit the sale of intoxicating liquors therein is vested in such municipality, except that it shall within its limits be subject to the provisions of the local option law of the State. *Held*, that the county court having been retained by the amendment as the agency, and authorized to put into or out of operation orders of prohibition, or to maintain an interdiction of the sale of intoxicating liquors in an incorporated city or town, the amendment did not so affect any part of the local option law as to require a saving clause to preserve the right to punish a violation of such act committed prior to the amendment.

INTOXICATING LIQUORS—LOCAL OPTION LAW—REPEAL.

2. Where the local option law was in force in the whole county, a subsequent majority vote against prohibition in a district within the county did not have the effect to entirely repeal the local option law in such district.

CONSTITUTIONAL LAW—CONSTRUCTION OF CONSTITUTION—CONTRADICTORY PROVISIONS.

3. Provisions of a constitution which appear inconsistent with other provisions will be interpreted so as to give effect to each as far as possible.

INTOXICATING LIQUORS—RIGHT OF STATE TO REGULATE—DELEGATION OF POWER.

4. The authority to sell intoxicating liquors is a special privilege which the State, under its police power, may grant or deny, and this power may be employed directly by the State or delegated to municipal corporations, and when so delegated such corporations may use the power as specified in the enactment conferring the authority; but the police power cannot be bargained away by the State in such a manner as to place it beyond recall.

INTOXICATING LIQUORS—CONSTITUTIONAL PROVISIONS—"EXCLUSIVE."

5. An amendment to Section 2, Article XI, of the Constitution of Oregon, provides that the exclusive power to license or prohibit the sale of intoxicating liquors within a municipality, is vested in such municipality, subject to the provsions of the local option law of the State. *Held*, that the word "exclusive" means that a municipality shall, until otherwise ordered, be the sole agent of the State in exercising the police power, and construed in that way the amendment is valid, as the right of the State to recall the power delegated remains intact, and the amendment does not trench on a republican form of government, guaranteed by Section 4, Article IV, of the Constitution of the United States, nor encroach upon the limitations imposed by the Federal Constitution upon the powers of the State, under Section 9, Article I.

From Josephine: FRANK M. CALKINS, Judge.

Statement by MR. JUSTICE MOORE.

The defendant, Dan Hearn, was indicted for the crime of selling intoxicating liquor, committed in Josephine County, October 29, 1910, in violation of the local option law, which, it is averred, was then in force in the entire county. A plea of not guilty having been interposed, the cause was tried on an agreed statement of facts, in substance that at local option elections regularly held in that county as a whole June 6, 1908, and November 10, 1910, a majority of all the votes, respectively cast, were for prohibition and orders to that effect were duly made;

that at such elections a majority of the votes given in South Grants Pass precinct, a division of that county, was against prohibition; that no other election for that purpose was ever held in that precinct; and that defendant sold intoxicating liquor in the corporate limits of the City of Grants Pass, within such precinct, on the day and to the person specified in the formal charge. Based on such stipulation, the court was requested to direct a verdict of not guilty, on the ground that the amendment of Section 2 of Article XI of the Constitution of Oregon, which was ratified November 8, 1910, repealed the local option law so far as it was applicable to the City of Grants Pass. The request was denied, and the defendant, having been found guilty as charged, appeals from the sentence which followed.                                      AFFIRMED.

For appellant there was a brief over the names of *Messrs. Smith & Beckwith,* with an oral argument by *Mr. Robert G. Smith.*

For the State there was a brief and oral arguments by *Mr. B. F. Mulkey,* Prosecuting Attorney, and *Mr. H. D. Norton.*

There was also a brief by *Mr. A. King Wilson, amicus curiae.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is maintained that the amendment referred to impliedly repealed that part of the local option law which made an entire county the maximum limit of prohibition, thereby excluding from such territory all incorporated cities and towns therein, and that as the alteration in the constitution contained no provision whereby violations of the prohibition law committed within the limits of such municipality prior to the adoption of the amendment were saved from the effect thereof, errors were committed in refusing to direct a verdict of not guilty and in giving the judgment, which is brought up for

review. The altered section of the organic act now reads as follows:

"Corporations may be formed under general laws, but shall not be created by the legislative assembly by special laws. The legislative assembly shall not enact, amend, or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the constitution and criminal laws of the State of Oregon (and the exclusive power to license, regulate, control, or to suppress or prohibit the sale of intoxicating liquors therein is vested in such municipality; but such municipality shall within its limits be subject to the provisions of the local option law of the State of Oregon)." L. O. L. p. 25.

The parts included within parenthesis as above noted were added pursuant to an exercise of the initiative power.

1. That certain provisions of the local option law were impliedly repealed and other clauses thereof were amended in the same manner has already been determined in construing the alteration of the organic act under consideration. *State* v. *Schuler*, 59 Or. 18 (115 Pac. 1057). It is believed that, while some provisions of the amended section of the constitution are self-executing, others require legislation to render them efficient with respect to precincts which lie partially within and partially without an incorporated city or town, so as to make the conflicting boundaries of such precincts conform to the limits of the municipality. The amended section separates from a county incorporated cities and towns, rendering all wards and precincts wholly within such municipalities generally independent of the remaining territory in all respects except as to pre-existing orders of prohibition which were applicable to the entire county, and such orders can be abrogated only by a majority vote of the qualified electors residing in the city or town, given against prohibition at an election called for that purpose

by the county court. Where pre-existing orders of pro-
hibition dominate a city or town, the same agency now
supervises such elections as managed them before the
fundamental law was changed. If no order of prohibition
governs such municipality, it has "exclusive power to
license, regulate, control or to suppress or prohibit the
sale of intoxicating liquors therein." The county court
having been thus retained by the amendment as the
agency and authorized to put into or out of operation
orders of prohibition, or to maintain an interdiction of
the sale of intoxicating liquors in an incorporated city or
town, that alteration of the organic act did not in our
opinion so repeal or amend any part of the local option
law as to require a saving clause to preserve the right to
punish a violation of that enactment committed prior to
November 8, 1910.

In support of the principle asserted by defendant's
counsel, he calls attention in his brief to the doctrine
announced in Texas, which seems to sustain his view. In
that State under a local option law somewhat similar in
its provisions to the Oregon statute on that subject, it
was held that after the sale of intoxicating liquors had
been prohibited pursuant to an election in any specified
district, a majority vote of the qualified electors of the
territory cast at a subsequent election repealed the local
option law in the district, and, as such enactment con-
tained no saving clause, violations of its provisions com-
mitted prior to the change of the order of prohibition
could not be thereafter punished. *Halfin* v. *State,* 5 Tex.
App. 212; *Wisenhunt* v. *State,* 18 Tex. App. 491; *Wood-
lief* v. *State,* 21 Tex. App. 412 (2 S. W. 812).

2. We cannot assent to the principle thus declared,
nor do we believe that a majority vote against prohibition
in a district where an order was in force, interdicting the
sale of intoxicating liquors, repealed a legislative act.
Prior to the amendment of the constitution, intoxicating

liquors could be sold at times by persons who had secured a license for that purpose, and there were other occasions when no legal license could be issued.

Defendant's counsel assigns various reasons illustrating his theory of the case, but, as most of these questions were determined in the case of *State* v. *Schuler,* 59 Or. 18, (115 Pac. 1057), and others are deemed immaterial, the judgment is affirmed.                                    AFFIRMED.

MR. JUSTICE BURNETT: I concur in the result.

---

Decided July 11, 1911.

ON PETITION FOR REHEARING.

[117 Pac. 412.]

MR. JUSTICE MOORE delivered the opinion of the court.

In a petition for a rehearing, it is insisted by defendant's counsel that affirming the judgment rendered in this cause is tantamount to judicial legislation, in that the opinion announced herein attempts to give to the words used in the amendment of Section 2 of Article XI of the Constitution an unusual meaning, which is unwarranted by, and cannot be gathered from, the context; and that in construing a clause of an organic act a court has no right to disregard the meaning of plain and unambiguous language, under the guise of discovering the intent of electors in adopting a clause of fundamental law, or to give an interpretation in such a case that does violence to the ordinary meaning of the words employed.

In a brief submitted by counsel, who appears as *amicus curiae,* it is asserted that the people of Oregon cannot, by an amendment of the constitution, deprive the State of exclusive authority over, and control of, the liquor traffic and confer such power upon an incorporated city or town, and in support of the doctrine thus announced attention

is called to the case of *Straw* v. *Harris*, 54 Or. 424 (103 Pac. 777), where, in construing an act of the legislative assembly, authorizing the incorporation of ports (Laws Or. 1909, p. 78), it was held that the State may not surrender its sovereignty to municipalities to the extent that it must be deemed to have perpetually lost control of them.

3, 4. Considering the questions stated in an inverse order, the declaration seems somewhat incongruous that a clause of the constitution is unconstitutional. Some parts of an organic act may appear inconsistent when compared with other portions, but the contradictory provisions, when challenged in a suit or action in which they are necessarily involved, should be so interpreted as to give effect to each as far as possible. The authority to sell intoxicating liquors is not an exercise of common right, but is a special privilege which the State, under its police power, may grant or deny at its pleasure. This power may be employed by the State or delegated by it to municipal corporations, which agents can use the power in the manner and to the extent specified in the enactment conferring the authority. It is an axiom that no creature can ever become greater than its creator, and as a corollary deducible from this principle the rule is universal that the police power cannot be bargained away in such a manner as to place it beyond recall.

5. Though the amendment of the section of the organic act under consideration vests in cities and towns "the exclusive power to license, regulate, control, or to suppress or prohibit the sale of intoxicating liquors therein," such delegation is valid only while the clause of the fundamental law remains intact. It is possible for the people of Oregon at the next general election, by initiative petitions, to repeal such provision, and in lieu thereof to amend the constitution so as to prohibit the manufacture or sale of intoxicating liquors for beverage purposes. The

police power is therefore not bargained away, but temporarily delegated to municipal corporations as agents of the State, to be employed by the latter in the manner prescribed, until countermanded by the authority which bestowed it.

The word "exclusive," as used in the amended section of the fundamental law, when construed in connection with the entire language there employed, evidently means that an incorporated city or town shall, until otherwise ordered, be the sole agent of the State in exercising the police power respecting the control and sale of intoxicating liquors. The further clause, "but such municipality shall within its limits be subject to the provisions of the local option law of the State of Oregon," prescribes the manner of employing the power delegated, which enactment is a limitation upon an exercise of the authority. Such provision of the constitution is not subject to the criticism indulged in *Straw* v. *Harris,* 54 Or. 424 (103 Pac. 777). The case at bar does not involve the interpretation of a statute, but the construction of a clause of the constitution, the amendment of which does not trench upon a republican form of government, which is guaranteed (Section 4, Article IV, of the Constitution of the United States), nor does it encroach upon the limitations imposed by the federal constitution upon the powers of the states. Section 9, Article I, Constitution of the United States.

We conclude, therefore, that the people of Oregon could lawfully delegate to an incorporated city or town the "exclusive" power to license, tax, regulate, restrain, or prohibit the sale of intoxicating liquors, for beverage purposes, within its territorial limits.

An examination of the opinion announced in this cause and of the majority opinion in *State* v. *Schuler,* 59 Or. 18, (115 Pac. 1057), upon the authority of which the decision herein is based, will show that no attempt was made to

determine the intent of the electors in adopting the amendment of the constitution, unless such purpose can be implied from an effort to construe the words used when considering the entire language employed.

Believing that the determination reached by the majority of the court is warranted by an interpretation of the clause of the constitution, the petition is denied.

AFFIRMED: REHEARING DENIED.

---

Decided July 11, 1911.