### JESSE SIMMS v. STATE.

No. A-4802.   Opinion Filed Feb. 14, 1925.
(233 Pac. 494.)

(Syllabus.)

**Intoxicating Liquors—Unlawful Possession—Evidence Insufficient.**   In a prosecution for unlawful possession of intoxicating liquor, evidence considered and held insufficient to sustain conviction.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Jesse Simms was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that Jesse Simms "did knowingly and unlawfully have the possession of certain spirituous liquor, vinous liquor,

fermented liquor, malt liquor, and intoxicating liquor, to wit, 62 gallons of intoxicating liquor containing more than one-half of one per cent. of alcohol measured by volume," with intent to sell the same. On the trial the jury returned a verdict, finding the defendant guilty as charged in the information, and fixing his punishment at a fine of $100 and confinement for 30 days in the county jail. He has appealed from the judgment rendered on the verdict. The errors assigned question the sufficiency of the evidence to sustain the conviction.

The evidence shows that Otto Bales, deputy sheriff, together with D. C. Baldwin, constable, searched the premises of this plaintiff in error, Jesse Simms, for intoxicating liquor. They found two barrels of mash, two or three boxes of yeast, and three sacks of sugar; one barrel was nearly full of mash; and the other barrel about one-quarter full; they were buried in the yard under a brush pile.

Fred De Vinna, pharmacist, testified that he made an analysis of the contents of the barrels; said it was corn mash, with an alcohol per cent. of 7.76.

The state rested, and there was a motion by the defendant for a directed verdict in the form of a demurrer to the evidence on the ground that the same was insufficient to convict him, because at the time of the filing of the information there was no law under which he could be prosecuted for the possession of mash. Which was overruled and exception allowed.

The defendant did not introduce any testimony.

The statute upon which this prosecution is based provides:

That it shall be unlawful to have the possession of "any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as

much as one-half of one per cent. of alcohol, measured by volume, and which is capable of being used as a beverage," with the intention of violating any of the provisions of the prohibitory enforcement act.     Section 7002, Comp. Stat. 1921.

One of the essential elements of the offense charged that the liquor or compound was capable of being used as a beverage.   The character of a compound or mixture containing as much as one-half of one per cent. of alcohol or more may be such that its use as a beverage may be impossible.

In Wheeler v. State, 25 Okla. Cr. 365, 220 P. 962, it is said:

"The mere fact that a person, in order to gratify an inordinate appetite for intoxicants, may drink poisonous or noxious compounds or mixtures containing alcohol is not evidence that the same is capable of being used as a beverage.

"Having possession of a compound or mixture containing as much as one-half of one per cent. alcohol, and which is not intended and cannot be used as a beverage, is not an offense, and the mere fact that such compound or mixture can be and is swallowed, does not make it a beverage.

"In State v. Costa, 78 Vt. 198, 62 Atl. 38, it was said: 'The mere fact that a liquor can be and is swallowed does not make it a beverage'; the question being whether it was intended to be used as a beverage.

" 'The use of liquor as a "beverage" does not mean simply that the same is to be drunk, but the word "beverage" is used to distinguish the act of drinking liquor for the mere pleasure of drinking from its use for medicinal purposes.'   1 Words & Phrases, First Series, p. 769; Gue v. City of Eugene, 52 Or. 282, 100 Pac. 254."

Carefully considering the whole testimony in the case, we fail to find any competent evidence showing or tending to show that the so-called mash in question

was capable of being used as a beverage, and for this reason we think the conviction is not sustained by the evidence.

It follows that the judgment of the lower court should be and the same is reversed.

BESSEY, P. J., and EDWARDS, J., concur.