Opinion delivered June 2, 1886.

---

[No. 4019.]

## JOHN C. WOODLIEF *v.* THE STATE.

"LOCAL OPTION" LAW—REPEAL—CASE APPROVED.—It is within the power of the qualified voters of a justice's precinct, town, or city, to repeal the "local option" law within the limits of such justice's precinct, town, or city, in the manner provided by law, notwithstanding said law has been adopted and is in force throughout the county.   Note the opinion for an approval by the majority of the court, of Whisenhunt's case, 18 Texas Court of Appeals, 491, upon the same question.

APPEAL from the County Court of Ellis.   Tried below before the Hon. O. E. Dunlap.

The conviction in this case was for a violation of the "local option" law, and the penalty imposed was a fine of twenty-five dollars.

*A. A. Kemble,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILSON, JUDGE.   Since the conviction in this case was obtained, the town of Waxahachie, in which the alleged offense was committed, has, by a legal election, repealed the local option law within the limits of said town.   This court has decided that it is within the power of the qualified voters of a justice's precinct, town or city, to repeal the local option law within the limits of such precinct, town or city, in the manner provided by law, notwithstanding said law has been adopted and is in force

throughout the county. (Whisenhunt v. The State, 18 Texas Ct. App., 491.)

A majority of the court adheres to this ruling, and hold that the local option law is no longer in force within the corporate limits of the town of Waxahachie, and there is, therefore, no law which would warrant an enforcement of the judgment of conviction, even if it were otherwise a valid conviction. The judgment is, therefore, reversed and the prosecution is dismissed. •

*Reversed and dismissed.*