### KMEICIK v. COKER, County Judge.
### No. 10280.

Court of Civil Appeals of Texas. Galveston. Feb. 1, 1935.

Rehearing Denied Feb. 21, 1935.

M. E. Gates, of Huntsville, Leland Cox, of Houston, and James B. & Charles J. Stubbs, and Theodore Stubbs, all of Galveston, for appellant.

Wm. McCraw, Atty. Gen., Scott Gaines, First Asst. Atty. Gen., and T. F. Morrow, Asst. Atty. Gen., for appellee.

GRAVES, Justice.

This appeal is from a judgment of the district court of Walker county—rendered upon an agreed statement of facts therein presented and heard—refusing to order the appellee as county judge of that county to direct the issuance to appellant of a license to sell 3.2 beer in Justice Precinct 4 within the limits of that county, pursuant to an election held within such precinct on December 1, 1934, to determine whether or not such beer should thereafter be sold or prohibited therein.

The undisputed facts thus heard and acted upon below are quoted from appellant's brief:

"On August 26, 1933, Walker County, in a county-wide election, determined, by a majority voting against it, that the sale of beer containing not more than three and two-tenths per centum (3.2%) of alcohol by weight, should be prohibited in said county.

"Thereafter, and on March 3, 1934, the question was again submitted to the voters of said county, at which election it was decided that the sale of said beer would be permitted in said county. Justice Precinct No. 4 in Walker County had not had an election on the subject prior to December 1, 1934, and for the past several months, and at the time of the filing of appellant's application for license, appellant was engaged in the sale, as retail dealer, in beer, containing not more than three and two-tenths per centum (3.2%) of alcohol by weight, at his place of business in said precinct, and that on December 1, 1934, a county-wide election on the same subject was held and the county as a whole determined against the sale of said beer, but, said precinct No. 4 at its precinct election, on different official ballots, different boxes, and different tally-sheets, voted by majority that the sale of said beer in said precinct was permitted; thereafter, and on the 10th day of December, 1934, the Commissioners' Court of Walker County, Texas, convened, all members being present, and declared the result of the county-wide election against the sale of said beer. Thereafter and on the 19th day of December, the Commissioners' Court, all members being present, convened, and declared the result of the election in Justice Precinct No. 4, of Walker County, Texas, and

issuing its order, declared that a majority of those voting in said precinct election were in favor of the sale of said beer in said precinct, and declared it lawful to manufacture and sell said beer in said Justice Precinct No. 4, until the voters therein, thereafter at an election held for said purpose should determine otherwise.

"On the 15th day of December, 1934, appellant filed his application with the County Clerk and County Judge, appellee herein, and on said day the County Clerk of Walker County posted a notice in the hall of the courthouse in Walker County, in legal form, advising the public generally that a hearing would be had on said application before the County Judge (appellee) on the 21st day of December, 1934, and on said 21st day of December, 1934, appellant appeared before the County Judge and gave the required evidence that he was qualified to receive a license, and that the appellee, after said hearing, made note on his docket that the application was refused, because the county-wide election would control, and that the prayer of appellant was denied, to which action and ruling of the court the appellant excepted and gave notice of appeal to the District Court of Walker County, Texas, and did, on January 1, 1935, file his appeal with the District Court of said Walker County, Texas, which was not contested, but was heard by the court upon waiver signed by appellee, and thereafter, on January 11, 1935, the court by its decree, considering said cause upon an agreed statement of facts, denied the prayer of appellant, and rendered judgment sustaining the ruling of the appellee."

As is apparent from this statement, the sole question presented here is whether or not—as the law on the subject now stands—the trial court's action can be upheld.

Concluding that it cannot be, and conscious of inability to improve upon the expression of its views on the question in the "Supplementary Argument" filed here by the able counsel for appellant, this court adopts this much thereof as its opinion herein:

"The commissioners' court were empowered by the Constitutional Amendment of 1933 and the Local Option Act of 1933 to order precinct elections under the same terms and conditions as county elections 'whenever they may deem it expedient.' The only restriction provided by the law is that after the first local option election held under the 1933 Act no subsequent election in the same political subdivision shall be held earlier than six months from the date of the preceding local

option election in said county or said political subdivision. After the passage of six months the commissioners' court are free to exercise the power vested in them of calling an election whenever they 'deem it expedient, and if they deem it expedient to hold a precinct election and a county election simultaneously there is nothing in the statute to hinder them and there is no warrant for questioning the judgment of the Commissioners in 'deeming it expedient.'

"The agreed statement of facts expressly stipulates that: 'No election has been held for said purposes, in Justice Precinct No. 4 in Walker County, for more than six months preceding December 1, 1934.'

"In going into the proper construction of the applicable law, it is well to compare the constitutional provision of 1876 with the portion of the Amendment of 1933 relating to Local Option:

| "Article 16, § 20, Const. 1876: | "Article 16, § 20, Const. 1933: |
|---|---|
| " 'The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town or city, by a majority vote, from time to time, may determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits.' | " 'The Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct, town or city may, by a majority vote of those voting, determine from time to time whether the sale * * * [of 3.2 beer] * * * shall be prohibited within the prescribed limits.' |

"Section 19 of the 1933 statute (Gen. Laws, 43d Legislature, c. 116, pp. 288–305 at page 300 [Vernon's Ann. P. C. art. 694a, § 19]) provides: 'The Commissioners Court of each county in the State, *whenever they deem it expedient,* may order an election to be held by the qualified voters in said county or of *any justice precinct,* incorporated city or town, to determine whether or not the sale of * * * [3.2 beer] * * * shall be prohibited or permitted in such county, justice precinct, incorporated town or city, provided it shall be the duty of said Commissioners Court to order the election as aforesaid whenever petitioned to do so by as many as ten per cent (10%) of the qualified voters of said county or of *said political* subdivision. * * * After the first local option election held as provided in this Act in any county, justice precinct, incorporated town or city, no subsequent election in the same political subdivision shall be held for the purpose of determining whether or not beer as defined in this Act shall be permitted or prohibited earlier than six (6) months from the date of the preceding local option election in said county or said political subdivision of said county.'

"It is important to bear in mind that the 1933 Constitutional Amendment and the 1933 Local Option Law are new laws. The Constitutional Amendment of 1919, commonly known as the State-Wide Prohibition Amendment (article 16, § 20), and the Dean Law (Acts 1919, 2d Called Sess., c. 78) passed pursuant thereto, had the effect of repealing absolutely the Local Option Laws as they existed prior to 1919.

"The original Local Option Law of 1876 was sufficiently similar to the present law to render the judicial decisions thereunder persuasive. At the same time, however, decision under the Local Option Laws existing from 1887 to 1919 are not even persuasive, because there were express statutory provisions in the 1887 and subsequent acts, which render them wholly different from the 1933 act.

"In construing the constitutional provision of 1876, the Court of Appeals in Whisenhunt v. State, 18 Tex. App. 491, decided in 1885, declared that:

" 'Most clearly this provision contemplated that the authority to determine the question should be granted to justices' precincts of a county to the same extent as it should be granted to the county. In conformity with this provision the Legislature passed the general law providing for the adoption of "local option," and for its repeal, in precisely the same manner in justices' precincts as in counties, except as to the number of petitioners for said different elections. * * *

" 'In other words, as territorial subdivisions, justices' precincts of counties, with reference to local option, are recognized equally as counties, both in the Constitution and the law.'

"In discussing the meaning of the law the court said:

" 'It does not and cannot mean that the law cannot be changed as to any of the justices' precincts as subdivisions of the county; because to so hold would be to render entirely nugatory the constitutional intention as to precinct, city and town rights, whereby it required the Legislature to pass laws giving them the right, as well as counties, to "determine from time to time whether the sale of intoxicating liquors shall be prohibited within" their prescribed limits. * * *

" 'One of the primary intentions was to give to justices' precincts, cities and towns in a county the same right, "from time to time," to test the matter by election as a county should have. * * *

" 'In a word, the enumerated subdivisions, recognized both in the Constitution and the law, were vested with the same rights as were counties, provided they might desire to exercise and enforce such rights independently of county action. To say they cannot have it independently of the rest of the inhabitants of the county would be to nullify what every one must concede is the plain intention and provision of the law. * * *

" 'To hold otherwise would be to hold that they may be deprived, indefinitely, of their guarantied sovereignty in this particular. Such, we cannot believe, was ever intended.'

"The question before the court in that case was whether or not when a county as a whole had voted in favor of prohibition, a precinct therein could hold an independent election and declare the sale of liquor lawful within the precinct, leaving the balance of the county still under prohibition. The court held very clearly that the precinct could do so. The court holds that a precinct election and a county election are of equal dignity, in spite of the fact that the territory covered by the county election was greater than the territory covered by the precinct election. The effect of this decision was to uphold the precinct's right to enjoy a status different from and inconsistent with the status of 'the entire county,' i. e. the balance of the county.

"The case of Woodlief v. State, 21 Tex. App. 412, 2 S. W. 812, opinion rendered in 1886, adheres to the doctrine announced in the Whisenhunt Case.

"The following year prohibition sentiment was sufficiently strong in the state to obtain the insertion of an additional clause in the original Local Option Law providing substantially that if a county, precinct, or other subdivision, voted for prohibition, it could not be changed by a subsequent election earlier than *two* years; but when prohibition failed to carry, elections could be held immediately thereafter by any subdivision so desiring. The principal discriminatory provision contained in the 1887 act was as follows: 'But when prohibition has been carried at an election ordered for the entire county, no election on the question of prohibition shall be thereafter ordered in any justices precinct, town, or city of said county until after prohibition has been defeated at a subsequent

election for the same purpose, ordered and held for the entire county, in accordance with the provisions of this title.' Gammel's Laws Tex. vol. 9, ch. 104, p. 896, art. 3238.

"This last statutory provision is the basis for the saying which was current prior to 1919, to the effect that 'you can't have a wet precinct in a dry county.' This statute was repealed in 1919 and was entirely eliminated from the 1933 act. The elimination of the last-quoted statute is significant in arriving at the intention of the Legislature. Under the 1933 act, as under the 1876 act, there can be, not only a prohibition precinct in an anti-prohibition county, but also an anti-prohibition precinct in a prohibition county.

"It is apparent from the face of the old statutes that the intention of the Legislature was to grant a favored position to counties and precincts which voted for prohibition. It is equally apparent from the 1933 act that the Legislature intended to place political subdivisions favoring the sale of beer on an equal basis with subdivisions opposing the sale of beer.

"It is further apparent that the Legislature had no intention of denying justice precincts the vested constitutional right of determining from time to time whether the sale of 3.2 beer shall be prohibited within the limits of the precinct.

"To hold that a precinct could not enjoy a different status from the rest of the county would destroy the precinct's right of self-determination altogether. Whichever faction enjoyed a majority in the county could control the entire county and forever prevent any precinct from attaining a different status.

"It appears by inference from the action of the commissioners' court of Walker county in the present case that the commissioners were furnishing an opportunity to the voters of precinct 4 to determine the question for themselves as far as their precinct was concerned, regardless of what the result might be as to the rest of the county.

"The absence of any statutory restriction making the holding of an election depend upon the previous status of beer, together with the express authorization of the commissioners' court to call the election *whenever they deem it expedient*, practically compels the conclusion that the commissioners' court of Walker county did have the power to order the precinct election for December 1st, and that their power to do so was not affected by the previous status either of the precinct or county, nor by the fact that the commission-

ers deemed it expedient to order a county-wide election for the same day.

"The right of a precinct to legalize the sale of beer in the precinct is not inconsistent with the right of the rest of the county to prohibit the sale of beer any more than the right of a precinct to prohibit the sale of beer therein would be inconsistent with the rest of the county permitting the sale of beer. If this be not true, then the constitutional provision providing for precinct elections is wholly meaningless.

"The decree of December 19th very clearly has the effect of excepting precinct 4 from the operation of the prohibitory law in force in the balance of the county."

The judgment will therefore be reversed, and judgment will be here rendered ordering the appellee in his official capacity to direct the issuance of the prayed-for license to the appellant.

Reversed and rendered.