Frisbie *v.* State.

HENRY M. FRISBIE, Plaintiff in Error, *v.* STATE OF OREGON, Defendant in Error.

*Error to Polk.*

1. The State need do no more than to prove the substantive offence charged.
2. Under an allegation of the sale of a particular kind of spirituous liquor, the proof of selling any kind of spirituous liquor would support the indictment.
3. The allegation of the kind of liquor being under a "*videlicet,*" would excuse the State from strict proof, unless the matter would be essentially descriptive.

AT the November term of the Circuit Court for Polk County, 1859, the plaintiff in error was convicted of selling spirituous liquors in quantity less than one quart, without license, to wit, one gill of whiskey, &c.

*G. H. Williams*, for plaintiff in error.

*J. G. Wilson*, prosecuting attorney.

STRATTON, J. So much of the indictment as is necessary to be set out in this case, is in the following words: "The said Henry M. Frisbie, on the first day of November, A. D. 1859, at, &c., unlawfully did sell to one Stephen Waymire spirituous liquor, in quantity less than one quart, to wit, one gill of whiskey." On the trial the prosecutor did not prove distinctly that the liquor was whiskey, as stated under the *videlicet;* thereupon the defendant below asked the court to instruct the jury, "that they must be satisfied from the evidence that the liquor sold was whiskey," which instruction the court refused to give; but the court did instruct the jury, that if they were satisfied that the liquor sold was spirituous liquor, that was sufficient to warrant a conviction. To the refusal, and to the charge as given, exceptions were taken by

Frisbie *v.* State.

the defendant below, and they are now assigned as errors, and present the only points for the consideration of this court.

The general rule is, that the indictment must disclose upon its face a crime, charged in apt and proper words, and the prosecution is bound to do no more than prove the substantive offence charged. All unnecessary words may, on the trial, or in arrest of judgment, be rejected as surplusage, if the indictment would be good were they omitted. (*Wharton Cr. Law*, 228 ; *1st Archbold's Cr. Pl.* 94 ; 17 *Wendell*, 478.)

Under the Statutes of Oregon, the offence is fully committed, when any person shall sell, &c., spirituous liquors without license, in less measure than one quart ; and it was not essential that the prosecution should allege the kind of liquor sold. (33 *New-Hampshire Rep.* 388.)

But, it is said, that having alleged the sale of a particular kind of liquor, the State is held to the proof of that particular kind. This is not conceded. On the contrary, we think the proof of any kind, and any quantity less than one quart of spirituous liquors, would have supported this indictment. (*Wharton Am. Cr. Law*, 715 ; *Brook* v. *Commonwealth*, 6 *Leigh*, 634.)

It may be further remarked, that the allegation of the kind of liquor is placed under a *videlicet*. This would have excused the State from strict proof, unless such matter became essentially descriptive of the offence. (1 *Greenleaf Ev. sec.* 61.)

There is no pretence that such is the case here.

We think there is no error in the record, and the judgment must be affirmed.