Argued May 7, decided June 4, 1912.

### STATE v ANTHONY.

[124 Pac. 475.]

CRIMINAL LAW—INSTRUCTIONS—PRESUMPTION OF INNOCENCE—REASONABLE DOUBT.

In a prosecution for unlawfully selling intoxicating liquors, an instruction that the accused is presumed innocent until the contrary is proven, and, in case of a reasonable doubt, he is entitled to be acquitted, was not erroneous.

From Wallowa: JOHN W. KNOWLES, Judge.

The defendant, John Anthony, was tried and convicted of unlawfully selling intoxicating liquor, and he appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by Mr. Daniel Boyd.

For the State there was a brief over the names of Mr. Francis S. Ivanhoe, District Attorney, and Mr. Andrew M. Crawford, Attorney General, with an oral argument by Mr. Ivanhoe.

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, John Anthony, was convicted of the crime of unlawfully selling intoxicating liquor in Wallowa County, alleged to have been committed July 12,

1911. A demurrer to the indictment on the ground that it did not state facts sufficient to constitute a crime was overruled, and it is maintained that an error was thereby committed. The indictment herein is almost identical with the language employed in the formal accusation in the case of *State* v. *Runyon*, 62 Or._____ (124 Pac. 259). What is there said in respect to the sufficiency of the charge is applicable to the case at bar, and no error was committed in the respect alleged.

An exception having been taken to the following instruction, it is insisted that an error was committed in giving it, to wit:

"A defendant in a criminal action is presumed to be innocent until the contrary is proven, and, in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to be acquitted."

This instruction fairly states the law governing the facts of the case, and no error was committed in the use of the language employed.

Other alleged errors are assigned, but, as they are not argued in the brief of defendant's counsel, the judgment is affirmed.          AFFIRMED.