Argued May 7, decided June 4; rehearing denied July 16, 1912.

## STATE *v.* RUNYON.

[124 Pac. 259.]

INDICTMENT—LANGUAGE OF STATUTE.

1. Where the statute describes an offense with sufficient particularity to inform the accused of the facts charged, an indictment may be in the language of the statute.

INTOXICATING LIQUORS—INDICTMENT—SUFFICIENCY.

2. An indictment, which stated that an election had been held to determine whether intoxicating liquors should be sold within the county, and had resulted for prohibition, and that the county court had made an order declaring the result and prohibiting sales in the county, and which charged the accused with ·having thereafter unlawfully sold intoxicating drink within the county, was sufficient to inform him of the nature and cause of the accusation against him.

INTOXICATING LIQUORS—INDICTMENT—NEGATIVING EXCEPTIONS.

3. The several excepted purposes for which intoxicating liquors may be sold in prohibition territory, not being contained in the enactment clause of the local option law (Section 4934, L. O. L.), an indictment, charging the unlawful sale of intoxicating liquors in prohibition territory, need not state that it was not sold for scientific, sacramental, or medicinal purposes.

INDICTMENT—CONCLUDING CLAUSE—INTOXICATING LIQUORS.

4. Since neither the constitution nor the statute require that an indictment shall conclude with the words "against the peace and dignity of the State," or any similar words, an indictment for the unlawful sale of intoxicating liquor in prohibition territory need not state that the sale "was violative of the provisions of the local option law"; and such averment if made is surplusage.

INDICTMENT—SUFFICIENCY.

5. Mere surplusage will not make an indictment demurrable.

INTOXICATING LIQUORS—INDICTMENT—SUFFICIENCY.

6. While an indictment for "giving away" intoxicating liquor should aver that it was to evade the provisions of the local option law, an indictment expressly charging unlawful "sale" need not make such averment.

From Wallowa: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MOORE.

The defendant, Charles Runyon, was jointly charged by an accusation, which, omitting the title of the court and cause, the subscription of the district attorney, the names

of the witnesses indorsed on the formal imputation, and certain immaterial averments, and rearranging the statement of facts in chronological order, reads as follows:

"Xavier Michellod, S. V. Davin, and Charles Runyon * * are accused by the grand jury of the county of Wallowa and State of Oregon [in] (by) this indictment of the crime of selling intoxicating liquor, committed as follows: That at the general election held in the county of Wallowa, State of Oregon, on the 4th day of June, 1906, the question whether there should be prohibition of the sale of intoxicating liquor(s) for beverage purposes * * within * * said county as a whole was * * submitted to the legal voters * * of said county, and then and there * * determined by a majority of the * * (votes cast thereon in the county as a whole for) * * prohibition. * * That * * on the 15th day of June, 1906, the county court of said * * county * * made * * an order declaring the result of said vote * * and * * an order * * absolutely prohibiting the sale of intoxicating liquor(s) as a beverage * * in the whole * * of said * * county. * * And said order(s) * * ever since [has] (have) been and still [is] (are) in full force and effect in the whole * * of said * * county. * * That (thereafter) said Xavier Michellod, S. V. Davin, and Charles Runyon, * * on the 26th day of October, A. D. 1911, in the county * * (aforesaid) did then and there wrongfully and unlawfully sell to one C. P. Ragsdale * * intoxicating liquor, * * contrary to the statute[s] in such cases made and provided, and against the peace and dignity of the State of Oregon. Dated at Enterprise, in the county aforesaid, this 9th day of January, 1912."

A demurrer to the indictment, on the ground, *inter alia,* that it did not state facts sufficient to constitute the commission of a crime, was overruled; whereupon pleas of not guilty were interposed, and after the evidence was taken the action was dismissed as to Michellod and Davin. The cause was then submitted, and, a verdict of guilty as charged having been returned against Runyon, he appeals from the resulting judgment.

                    AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. A. M. Runnells* and *Messrs. Boyd & Chamberlain*, with an oral argument by *Mr. Daniel Boyd.*

For the State there was a brief over the names of *Mr. Francis S. Ivanhoe* and *Mr. Andrew M. Crawford*, with an oral argument by *Mr. Ivanhoe.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended by defendant's counsel, that in addition to the facts set forth in the accusation, it should have been alleged therein that a legal petition was filed with the county court, invoking an application of the local option law; that, based thereon, an election was ordered to be held at the time and in the entire district specified; that the requisite number of notices were issued and posted for the length of time and in the places designated in the statute (Section 4920 *et seq.*) ; but that, failing in these respects, the indictment was insufficient, and an error was committed in overruling the demurrer.

It is a majority of the votes cast thereon in the designated district for prohibition that puts into operation within that territory the provisions of the local option law; and, based on the county clerk's abstract of such vote, it is the orders of the county court, declaring the result of the election and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, except for the purposes and under the regulations specified in the statute, that imparts the required notice of the interdiction. The statute prescribing the force and effect of such precept, as far as important herein, reads as follows:

"The order thus made shall be held to be *prima facie* evidence that all the provisions of the law have been complied with in giving notice of and holding said election, and in counting and returning the votes and declaring the results thereof." Section 4929, L. O. L.

The proof supplied by introducing in evidence copies of the orders of the county court, setting forth the particulars indicated, is sufficient to establish the several facts enumerated in the statute, relating to all the initiatory proceedings demanded to put into effect the prohibition law, unless the illegality of one or more of the several steps undertaken is substantiated by the defendant. *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 1081: 12 L. R. A. [N. S.] 828).·

In that case, the information, which, when the action was instituted, could be substituted for an indictment, averred the existence of the four constituent facts required before the provisions of the enactment could be violated. Section 4934, L. O. L. The sufficiency of the information was challenged and the ·evidence objected to, on the ground that it was not alleged or shown that a "valid" election, to determine whether the sale of intoxicating liquors should be prohibited in the territory specified, was ordered or held as required by law. In deciding that case, Mr. Chief Justice BEAN, referring to the *prima facie* evidence of the legality of all previous proceedings in the matter of the election that was afforded by the orders of the county court says:

"It is therefore unnecessary, in a prosecution for a violation of the act, for the State to allege or prove that a valid election was held, or that a majority of the voters of the county, subdivision, or precinct, as the case may be, was in favor of prohibition."

The only question thus involved, considered, or determined was the necessity for the use of the word "valid" to qualify the term "election," as employed in the information. By deciding that the limiting expression insisted upon was not essential to the efficiency of the formal charge, it was adjudged that the information was sufficient without the use of such word. If it was unnecessary to allege that the election was "valid", it was

not essential for the State to offer any proof on that subject, except the orders of the county court, until after the defendant's evidence had been introduced, challenging the legality of the election. The form of stating the charge, a copy of which is set forth in a specification of the facts in the opinion in that case, was thereby adopted, and the language employed in the information constituted a guide which could have been safely followed in subsequent cases. Without adverting to the decision in *State* v. *Carmody*, 50 Or. 1 (91 Pac. 446, 1081: 12 L. R. A. [N. S.] 828; the rule there announced was strictly observed in *State* v. *Townsend*, 60 Or. 223 (118 Pac. 1020).

1. In the case at bar, the sale of intoxicating liquor, alleged to have been unlawfully made, was forbidden by the local option law then in force in Wallowa County; and the principle is settled that, when a statute describes an offense with such particularity as to inform the party accused of the facts with which he is charged, an indictment is sufficient, if it follows the language of the enactment. *State* v. *Thompson*, 28 Or. 296 (42 Pac. 1002) ; *State* v. *Miller*, 54 Or. 381 (103 Pac. 519) ; *State* v. *Atwood*, 54 Or. 526 (102 Pac. 295: 104 Pac. 195: 21 Ann. Cas. 516).

2. The indictment herein notified the defendant that in a designated district an election had been held, resulting in a majority of the votes cast thereon for prohibition; that the county court had made an order declaring the result, and an order absolutely prohibiting the sale of intoxicating liquors in that territory; and the accusation also charged him with having unlawfully sold to a designated person alcoholic drink, within the prescribed bounds of prohibition. The defendant was therefore adequately informed of the nature and cause of the accusation against him; and the indictment is sufficient to enable a person of common understanding to know what

was intended. Const. Or., Art. I, § 11; Section 1437, L.
O. L.; *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 1081: 12
L. R. A. [N. S.] 828) ; *State* v. *Kline,* 50 Or. 426 (93 Pac.
237) ; *State* v. *Townsend,* 60 Or. 223 (118 Pac. 1020).

3. It is insisted that, since sales of intoxicating liquors
may be lawfully made within the bounds of prohibition
for scientific, sacramental, and medicinal purposes, the
accusation should have negatived these several exceptions,
but, not having done so, the indictment was insufficient,
and an error was committed in not sustaining the
demurrer. Where a section of a statute or of an ordinance
declares that any person who shall sell intoxicating
liquors "without first having obtained a license for that
purpose", or where the section proclaims it to be unlawful
to sell alcoholic stimulants, "provided, however, nothing
herein contained shall prohibit the sale" of such liquors
for certain purposes, the exception is a part of the enact-
ing clause specifying the commission of the offense, and
must be negatived in an accusation charging a commis-
sion of the crime. 1 Bishop's New Crim. Proced. § 636,
subd. 4; *Wong Sing* v. *Independence,* 47 Or. 231 (83 Pac.
387). When such a proviso is contained within the enact-
ing clause of a statute or an ordinance, if an accusation
for a violation of the law charges a sale of intoxicating
liquor "for beverage purposes," the exception is sufficient-
ly negatived. *Gue* v. *City of Eugene,* 53 Or. 282 (100
Pac. 254).

The statute enumerates the exceptions to the operation
of the local option law. (Section 4921, L. O. L.) The
section of that law denouncing a sale of intoxicating
liquor, which is sometimes called the enacting clause,
does not contain any proviso. (Section 4934, L. O. L.) The
conceded deviation from the general rule of prohibition
not having been included in the enacting clause, it was
unnecessary to negative in the indictment any of the

exceptions specified. *State* v. *Tamler,* 19 Or. 528 (25 Pac. 71: 9 L. R. A. 853) ; *State* v. *Carmody,* 50 Or. 1 (91 Pac. 446, 1081: 12 L. R. A. [N. S.] 828) ; *State* v. *Edmunds,* 55 Or. 236 (104 Pac. 430).

4. It is maintained that the indictment alleged a violation of the provisions of the local option law, the averment of which has not been set forth in the form hereinbefore noted; that the accusation also alleged that the sale of the liquor was contrary to the statutes in such cases made and provided; and, as a sale of such stimulant where the local option law is not in force, without first having secured a license, subjects the offender to a penalty (Section 4947, L. O. L.), the indictment is violative of the statute (Section 1442, L. O. L.), in that it charges the commission of more than one crime and in more than one form, and, this being so, an error was committed in overruling the demurrer.

An author, referring to the terminating part of an accusation, says:

"The rule, by the unwritten law, is that the indictment * * on a statute must conclude with the words 'against the form of the statute in such case made and provided,' or their equivalent; else it will not sustain a conviction." 1 Bishop's New Crim. Proced. § 602.

The legal principle thus asserted as universal in its application may well be doubted, except when a terminating clause of an accusation is demanded by positive enactment. Where the fundamental law of a State requires an indictment to conclude with the language "against the peace and dignity of the State," or words tantamount thereto, the command is imperative. *Williams* v. *State,* 47 Ark. 230 (1 S. W. 149) ; *Thompson* v. *Commonwealth,* 61 Va. 724; *State* v. *Clevenger,* 25 Mo. App. 655.

Neither the organic law of Oregon, nor the statute recommending the form of an indictment, requires a con-

cluding clause to the formal charge. (Section 1448, L. O. L.) In construing a law of Kentucky, similar to the enactment last referred to, it was held that an indictment founded on a statute that was not alluded to in the concluding part of the accusation was sufficient. *Commonwealth* v. *Kennedy,* 15 B. Mon. (Ky.) 531.

5. Since the terminating clause of the accusation in the case at bar was not required by any enactment to state that the sale by the defendant of intoxicating liquor "was violative of the provisions of the local option law," the averment of the fact may be and has been omitted as surplusage. The sufficiency of an indictment, when properly challenged, is to be determined from a consideration of the averments of fact constituting the commission of a crime. The determination cannot be predicated upon a contemplation of the terminating clause of the accusation, the language of which is nothing more than the mere conclusion of law which the district attorney deems to be deducible from the facts alleged; and such ending may be entirely omitted without vitiating the indictment. It is customary, however, to conclude "against the statute," etc., and the form has been approved in the copy of the indictment hereinbefore set forth. No error was committed in overruling the demurrer.

6. Though no other objection was interposed to the formal accusation, several averments of fact have been omitted from the indictment, as hereinbefore set forth. Thus it was alleged, *inter alia,* that the sale of the intoxicating liquor was made for the purpose and with the intent of evading the provisions of the local option law. The statute provides generally that any person who shall, "within the prescribed bounds of prohibition, sell, exchange, or give away, with a purpose of evading the provisions of this law, any intoxicating liquors whatsoever, or in any way violate the provisions of this law, shall be subject to prosecution," etc. (Section 4934,

L. O. L.)    A part of the title of that act is expressed as follows:

"To propose by initiative petition a law * * to determine whether the sale of intoxicating liquors shall be prohibited," and "providing penalties and punishment for a violation of any of the provisions of this law." Laws Or. 1905, c. 2.

No reference is made in the title of the enactment to a gift or the giving away of any liquors. The organic law contains a clause as follows:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." Const. Or. Article 4, § 20.

This provision controls the interpretation of statutes enacted, like the local option law, under an exercise of the initiative power reserved to the people by an amendment of the constitution. *State ex rel.* v. *Richardson,* 48 Or. 309 (85 Pac. 225: 8 L. R. A. [N. S.] 362).

Considering the failure to use the phrase "give away," or words of similar import, in the title of the act, and taking into account the fact that the qualifying clause "with a purpose of evading the provisions of this law" is placed after such phrase, which expression is the last of a series of offenses denounced by the statute, we do not think an averment of an intention to evade the provisions of the local option law is essential in the case of a sale of intoxicating liquor. When, however, some artifice is adopted to circumvent the enforcement of that law, such as selling an article of little worth for a sum of money or other valuable consideration, equal to the price usually received for a given quantity of intoxicating liquor, and such alcoholic stimulant is also delivered as a part of the bargain, the transaction is in effect a sale. *State* v.

*Emmons,* 55 Or. 352 (104 Pac. 882 : 106 Pac. 451) ; *Holley* v. *State,* 14 Tex. App. 505. The statute refers to the affair as a gift, and under the facts supposed probably sanctions a charge in an indictment that the defendant gave away, with a purpose of evading the provisions of the local option law, intoxicating liquor. The enactment removes the veneer from the pretended gift, reveals the entire transaction, and permits an examination into the facts constituting the transfer of the title to and the possession of the beverage.

We do not wish to be understood as intimating that when some scheme is resorted to, whereby intoxicating liquors are attempted to be sold in violation of the local option law, the indictment should not allege a sale. When, however, the transaction is designated in the accusation as giving away intoxicating liquor, the indictment should aver that such disposal was with a purpose of evading the provisions of the local option law, thereby treating the affair as tantamount to a sale. In construing the provisions of a similar statute of Texas, it was said :

"Where the indictment is for 'selling' liquors in violation of local option, it has never been held that it was essential to allege that such sale was 'with the purpose of evading the law.' " *McMillan* v. *State,* 18 Tex. App. 375.

It was held in another case that the question of intent could not be made an issue on a trial for selling intoxicating liquor without a license. *Petteway* v. *State,* 36 Tex. Cr. App. 97 (35 S. W. 646). It was further ruled that, if a defendant sold alcoholic liquor in good faith, believing it was not intoxicating, it was no defense to a prosecution for a violation of the local option law. *Allen* v. *State,* (Tex. Cr.) 59 S. W. 264.

A desire to simplify the form of an indictment is the excuse for eliminating from the accusation, hereinbefore set forth, statements of fact which, out of an abundance of caution, were alleged therein. In most instances, the

language included in parentheses has been adopted in lieu of more detailed specifications. It is believed that by striking from the copy of the indictment the asterisks there employed, and such other parts as are embraced in brackets, and including such parts as are contained within parentheses, and changing the names of the parties, etc., the form here approved will be sufficient to all cases of a sale of intoxicating liquor in violation of the prohibition law.

Other alleged errors are assigned; but, deeming them immaterial, the judgment is affirmed.

AFFIRMED: REHEARING DENIED.