Argued September 12, affirmed September 27, 1961

# STATE OF OREGON *v.* WAGGONER

365 P. 2d 291

*Donald F. Bach*, Eugene, argued the cause for appellant. With him on the brief was Kenneth A. Poole, Eugene.

*John W. Osburn*, Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney, Eugene.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin and Brand, Justices.

GOODWIN, J.

The defendant appeals from a judgment of conviction of violating ORS 483.992 (2) by driving while under the influence of intoxicating liquor.

The first of three assignments of error challenges the sufficiency of the complaint. Midway in the trial the defendant objected to the introduction of further evidence and moved that all evidence previously received be stricken on the ground that the complaint did not describe a crime.

The complaint was part of a printed uniform-traffic-citation form in use generally throughout the state. ORS 484.150 provides that the citation shall consist of four parts:

the complaint;
the abstract of record;
the police record;
the summons.

The four parts of the standard citation are prepared in sets of matching sheets so that an officer filling in the blanks on the complaint normally fills in corresponding blanks on the other parts of the citation at the same time. Whether normal procedure was followed in this case is not disclosed by the record.

The minimum contents of the complaint as prescribed by ORS 484.170 include:

"* * * A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred.

"* * * * *."

The complaint filed in the Oakridge Justice Court described the offense as "DUIIL", written in pencil, followed by the typewritten words: "Driving under the influence of intoxicating liquor."

No objection to the complaint was made at the time of arraignment in justice court, and a plea of not guilty was entered. After conviction in that court, an appeal was taken to the circuit court. The objection now before this court appears to be based upon the assumption that the typewritten words were added to the complaint after the summons was handed to the defendant. Nothing in the record supports this as-

sumption, but the typewritten matter is characterized by the defendant as an unauthorized amendment. The defendant then contends that the typewritten words must be stricken and that without them the complaint does not describe an offense within the above-quoted requirement of ORS 484.170. While the defendant has not shown any amendment of the complaint, lawful or otherwise, it is unnecessary to pursue the matter. The complaint was sufficient without the explanatory typewritten material.

■ In dealing with the uniform traffic citation it should be borne in mind that the legislature intended thereby to simplify traffic-law enforcement. ORS 484.170 demands that the defendant be advised of the offense in such a manner as can be readily understood by *a person making a reasonable effort to do so.* (Emphasis ours.) The uniform citation is not controlled by statutes which apply to indictments. Compare ORS 484.170 with 132.520 (2), which requires that indictments generally set forth:

> "A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

■ It is readily apparent that the legislature intended to make traffic complaints effective even though a person defending against one might have to make some reasonable inquiry of the arresting officer or of some other person in order to know exactly what offense is charged. The defendant does not suggest that he would incur difficulty in a quest for the meaning of "DUIIL". Even before the enactment of ORS 484.170, this court held in *Yunker v. Quillin et al.*, 202 Or 362, 275 P2d 240, that a traffic citation charging the offense

in the words "Dis. Sig." was sufficient where the abbreviation was explained elsewhere in the citation. The statute creating the uniform citation leaves no doubt that a motorist may be called upon to answer a complaint drawn with a minimum of formality. The first assignment of error is without merit.

■ In his second assignment of error the defendant urges that there was a failure of proof because the state failed to produce evidence that the automobile being driven by the defendant had either (a) four doors, or (b) an Oregon license bearing the numbers and letters 1 G 5282. It is argued that because the complaint alleged such descriptive facts the state was bound to prove them. The defendant relies upon *State of Oregon v. Dewey*, 206 Or 496, 292 P2d 799, a prosecution for maintaining a public nuisance. The opinion in that case recognized in passing a general rule under which the state may be required to prove unnecessary allegations if it chooses to make them. *State of Oregon v. Dewey* held, however, that an indictment which charged *inter alia* that an abortion was committed upon a certain person was sufficiently proven even though there was no evidence that the alleged abortion was committed, so long as there was other evidence that the defendants maintained the described nuisance. See, also, *Frisbie v. State of Oregon*, 1 Or 248, where descriptive matter was laid under a *videlicet*. In the case at bar, the state proved the charge independently of the descriptive words concerning the automobile used in the commission of the crime.

■ There is a further reason why the *dictum* in *State of Oregon v. Dewey*, supra, has no application to a uniform traffic citation. By statute (ORS 484.170), the complaint must contain certain necessary allegations. Under ORS 484.150 (2) the complaint may have

additional information upon it for statistical or other purposes. It was not necessary under ORS 484.170 to allege the make or model of the automobile, or its license number, if any, in order to charge the offense of driving while under the influence of intoxicating liquor. There could be many valid reasons under ORS 484.150 (2), however, for placing such matters on the complaint. The state's failure to prove the items mentioned was not a fatal variance, any more than was the failure to prove the defendant's address and occupation, also found on the citation. The second assignment is devoid of merit.

■ The final assignment of error is based upon an exception "to the failure of the Court to instruct * * * there should have been proof beyond a reasonable doubt that the vehicle operated by the defendant was a 1948-four-door with the license number set forth in the Complaint and that the operation of said vehicle, if at all, was on Highway 58."

We have previously disposed of the matter of the number of doors on the car and the numbers on the license plate. With reference to the identity of Highway 58, the court did instruct the jury that the state must prove beyond a reasonable doubt that the defendant drove his vehicle in the manner charged upon a public highway. The transcript reveals that the defendant in his testimony admitted that he was, at all material times, driving upon Highway 58, the only public highway described in the complaint. Accordingly, if it had been necessary to prove the highway number, a question which we need not now decide, the issue was rendered moot by the defendant's own admission. See *State v. Monk*, 199 Or 165, 192, 260 P2d 474.

The judgment is affirmed.