457 P.2d 659 (1969)
CITY OF OAKLAND, Respondent,
v.
Denzil Ricky MOORE, Appellant.
Court of Appeals of Oregon, In Banc.
Argued and Submitted July 10, 1969.
Decided August 22, 1969.
Rehearing Denied October 8, 1969.
*660 Gary K. Jensen, Eugene, argued the cause for appellant. With him on the brief was Roy Dwyer, Eugene.
Donald S. Kelley, City Atty., Oakland, argued the cause and filed the brief for respondent.
Before SCHWAB, C.J., and LANGTRY, FOLEY, FORT, BRANCHFIELD, JJ.
FOLEY, Judge.
The defendant was convicted under ORS 482.650 of driving while his right to apply for a driver's license was suspended. The proceeding was based on a uniform traffic citation on which the pertinent charging part consisted of checks in the following squares:

---------------------------------------------------------------------
"[&check;] NO LICENSE [] VEHICLE [&check;] OPERATOR [] EXPIRED [&check;] SUSPENDED"
---------------------------------------------------------------------

The defendant claims that the citation charges only driving while license is suspended and is insufficient to support a conviction of driving during the suspension of his right to apply for a license.
ORS 482.650 provides:
"No person whose operator's * * * license, or whose right or privilege to operate a motor vehicle, or whose right to apply for a license to operate a motor vehicle in this state has been suspended or revoked, under any provision of law, shall drive any motor vehicle in this state during the period stated in the department's order of suspension or revocation * * *."
The statute defines "license" in ORS 482.010(7) and 482.010(7) (b):
"(7) `License' means any operator's or chauffeur's license or any other license or permit to operate a motor vehicle issued under the laws of this state including:
"* * *.
"(b) The privilege of any person to drive a motor vehicle whether or not such person holds a valid license."
In 1959[1] the legislature provided for the use of the uniform traffic citation. It requires that the defendant be advised of the offense "* * * in such manner as can be readily understood by a person making a reasonable effort to do so." ORS 484.170. State v. Waggoner, 228 Or. 334, 337, 365 P.2d 291 (1961).
It was the intention of the legislature to make traffic complaints effective even though a person charged might have to make reasonable inquiry of the arresting officer or some other person in order to know exactly what offense is charged. State v. Waggoner, supra.
The combination of squares checked by the officer [&check;] No license, [&check;] Operator and [&check;] Suspended, indicate something a little different from suspended license alone, and slight inquiry by the defendant, if that were necessary, would have pinpointed the charge relied upon. The broad definition of "license" quoted above, "The privilege of any person to drive a motor vehicle whether or not such person holds a valid license," would seem to encompass driving during suspension of the right to apply for a license.
"* * * The statute creating the uniform citation leaves no doubt that a motorist may be called upon to answer a complaint drawn with a minimum of formality * * *." State v. Waggoner, supra, 228 Or. at 338, 365 P.2d at 292.
*661 The defendant waived a jury and the case was tried by the court. The other assignments raised relate to the facts. The trial judge's findings as to the facts are entitled to the same finality as a jury's verdict.
Oregon Constitution, Art. VII (Amended), § 3.
On a trial to the court without a jury, findings have the effect of a verdict by a jury and cannot be set aside, unless the appellate court can affirmatively say that there is no evidence to support them.
This constitutional provision (Oregon Constitution, Art. VII (Amended), § 3) applies to criminal cases. State of Oregon v. Cahill, 208 Or. 538, 293 P.2d 169, 298 P.2d 214 (1956).
There was evidence to support the trial judge's findings.
The judgment is affirmed.
BRANCHFIELD, J., did not participate in this decision.
NOTES
[1] Oregon Laws 1959, ch. 664.