Submitted on appellant's brief August 2, affirmed August 25, 1972

STATE OF OREGON, *Respondent, v.* JAY ROBERT
WILLIAMS (No. 7440), *Appellant.*

500 P2d 494

Gary D. Babcock, Public Defender, and J. Marvin
Kuhn, Deputy Public Defender, Salem, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Defendant after conviction by jury of illegal sale of a dangerous drug was placed on five years' probation. He appeals alleging his two motions for mistrial should have been granted by the court.

■ ■ On direct examination the officer who made the purchase of the dangerous drug from defendant, in explaining the sequence of events and who was present, said that two male subjects came into the room. "* * * I recognized one of them as Bradley Ragnone. He sold me some hash later on." The other subject was the defendant. Defendant moved for a mistrial on the basis that the response about defendant's companion was prejudicial to him. The court denied the motion, stating,

> "* * * I think the witness is entitled to relate under what circumstances he knows the other person. I don't think that that necessarily indicates or implies, of necessity, any criminality on the part of this defendant."

While the testimony had only slight relevance, as bearing on the identity of defendant's companion, whether it was so prejudicial as to require a mistrial under the circumstances is the question presented here. The process of weighing relevancy against its tendency to produce prejudice is for the trial judge and his decision will be disturbed only for an abuse of discretion. We find no such abuse here. *State v. Oland,* 1 Or App 272, 461 P2d 277 (1969), Sup Ct *review*

*denied* (1970); *State v. Keffer,* 2 Or App 559, 470 P2d 381 (1970).

■ Defendant's other motion for mistrial was based on a witness having responsively testified that about two weeks previously he had seen defendant in the courthouse at a motion-to-suppress hearing. This also was weighed by the trial court and found wanting of sufficient prejudice to warrant a mistrial. We likewise find no abuse of discretion in this decision.

Affirmed.