# STATE OF OREGON, *Respondent,*
## *v.*
# HARRY JAMES ATKINSON, *Appellant.*
## (No. 9393, CA 7151)
562 P2d 978

Walter B. Hogan, Coquille, argued the cause for appellant. With him on the brief were Maurice V. Engelgau and Walter B. Hogan, Coquille.

Karen H. Green, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

Schwab, C. J., specially concurring opinion.

## RICHARDSON, J.

Defendant was convicted by a jury of driving while under the influence of intoxicating liquor, ORS 483.992(2). The charge is reflected in an Oregon Uniform Traffic Citation and Complaint. We have set out below a reproduction of the complaint to better illustrate defendant's claim of error. The first claim of error challenges the sufficiency of the complaint and the second alleges a mistrial should have been granted when a witness mentioned a "breath test" during his testimony.

The complaint was filed in the District Court for Coos County. Prior to arraignment defendant made a Special Appearance by a Motion to Set Aside the Complaint on the ground the complaint designated an improper party plaintiff and did not comply with ORS 484.150(3) or 484.170(1). The motion was denied and defendant was convicted by a jury verdict. On de novo appeal to the circuit court the motion was again urged and denied.

### The Complaint

Defendant first claims by writing "City of Bandon" in the caption of the complaint the arresting officer has designated the city as the prosecuting authority and that the district court does not have jurisdiction to hear criminal matters involving the city. Additionally, defendant argues the designation by the officer that the offense is both a violation of statute and city ordinance could be read as alleging a violation of state law which would require the state to be the plaintiff. He cites ORS 131.025 which provides that in a criminal action the State of Oregon is the plaintiff except for offenses based on city or county ordinances. Additionally, defendant argues the court is improperly named as the "City of Bandon, District Court" since the proper name which must appear on the complaint is "the District Court of the State of Oregon in and for the County of Coos."

[ 911 ]

**Oregon Uniform Traffic Citation and Complaint**

No. 1086

COMPLAINT

STATE OF OREGON

CITY OF BANDON

COURT:
☒ DISTRICT
☐ JUSTICE
☐ MUNICIPAL

DOCKET NO. _____ 310

THE UNDERSIGNED CITY POLICE OFFICER CERTIFIES AND SAYS.

THAT ON THE 16 DAY OF NOVEMBER 1975 AT 2850 O'CLOCK ☐ A.M. ☒ P.M.

NAME ATKINSON HARRY JAMES
       LAST          FIRST        MIDDLE

RES. ADD. VALLEY VIEW TRAILER VILLAGE

CITY COQUILLE STATE OREGON DOB 6-14-20 SEX M

OCCUP. MILLWORKER OPR. LIC. NO. 468450

DID UNLAWFULLY OPERATE VEHICLE. LIC. NO. HFB-089

STATE OREGON YEAR _____ MAKE PLYMOUTH BODY 4DR SDN

ON A PUBLIC HIGHWAY. TO-WIT: FILMORE AVE AT OR NEAR U.S.101

LOCATED IN THE CITY AND STATE AFORESAID, AND DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE:

**PRINCIPAL CAUSES OF COLLISIONS**

| | | | |
|---|---|---|---|
| ☐ IMPROPER LEFT OR | ☐ REVERSE | ☐ CUT CORNER | ☐ FROM WRONG LANE |
| ☐ RIGHT TURN | ☐ NO SIGNAL | ☐ INTO WRONG LANE | ☐ PROHIBITED |
| ☐ DISOBEYED TRAFFIC SIGNAL (WHEN LIGHT RED) | ☐ MIDDLE OF INTERSECTION | ☐ JUST ENTERING INTERSECTION | ☐ NOT REACHED INTERSECTION |
| ☐ DISOBEYED STOP SIGN | ☐ WRONG PLACE | ☐ WALK SPEED | ☐ FASTER |
| ☐ IMPROPER PASSING AND/OR ☐ LANE USAGE | ☐ AT INTERSECTION ☐ ON RIGHT ☐ WRONG LANE | ☐ CUT IN ☐ INSUFFICIENT CLEARANCE | ☐ WRONG SIDE HIGHWAY ☐ ON HILL ☐ ON CURVE |
| ☐ VIOLATE BASIC RULE (SPEEDING) | ALLEGED SPEED _____ | DESIGNATED SPEED _____ | ☐ RADAR |
| ☐ FOLLOWING TOO CLOSE | ☐ TRUCK | ☐ BUS | ☐ CAR |

☐ NO LICENSE ☐ VEHICLE ☐ OPERATOR ☐ EXPIRED ☐ SUSPENDED

☒ OTHER VIOLATION DRIVING WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR

IN VIOLATION OF ☒ STATE STATUTE ☒ CITY ORDINANCE IN SUCH CASE MADE AND PROVIDED

**CONDITIONS THAT INCREASED SERIOUSNESS**

ROAD SURFACE { ☒ WET ☐ SNOW ☐ ICE

AREA { ☒ BUSINESS ☐ SCHOOL ☐ RESIDENTIAL

VISIBILITY { ☐ NIGHT ☐ RAIN ☐ SNOW ☐ FOG

TRAFFIC { ☒ LIGHT ☐ MEDIUM ☐ HEAVY

OTHER _____

☐ JUST MISSED ☒ HIT
☐ PEDESTRIAN
☒ VEHICLE
☐ OBJECT

I CERTIFY UNDER THE PENALTIES PROVIDED BY ORS 484 990 THAT I HAVE REASONABLE GROUNDS TO AND DO BELIEVE THAT THE ABOVE PERSON COMMITTED THE ABOVE OFFENSE CONTRARY TO LAW.

11-16-75 Harry G Franson #2
DATE           OFFICER           NO.

APPEAR IN COURT AT 0900 A.M. ON 17th DAY OF NOV. 1975

LOCATED AT Coos County Court House

SCHEDULED BAIL $305.00

IMPORTANT NOTICE: THIS COMPLAINT WILL BE FILED IN THE COURT INDICATED FAILURE TO COMPLY WITH THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS CITATION AND COMPLAINT MAY RESULT IN A WARRANT BEING ISSUED FOR YOUR ARREST.

FORM 4

NAME ATKINSON Harry James Oct 13-64 YR

[ 912 ]

It is obvious the arresting officer made mistakes in designating both the State of Oregon and the City of Bandon in the caption of the complaint and in checking the two boxes resulting in an allegation the offense violated both statute and ordinance. The question is whether these mistakes are sufficient to vitiate the complaint and require that it be set aside.

The traffic code was substantially revised in 1976, with the effective date of most of the revisions being July 1, 1976. Since the citation in this case was issued prior to that effective date the provisions of the former code apply.

The requirements of a traffic complaint are set forth in the former ORS 484.150, which provided in material part:
> "* * * * *
>
> "(3) Each of the parts [including the complaint] shall contain the following information or blanks in which such information shall be entered:
>
> "(a) The name of the court and the court's docket or file number.
>
> "* * * * *."

Additionally the former ORS 484.170 provided:
> "Except as provided in this section, a complaint in a traffic offense is sufficient if it contains the following:
>
> "(1) The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.
>
> "* * * * *."

The purpose of the uniform traffic citation system "is to permit a charge against a motorist to be made with a minimum of formality", *State v. Ebert,* 10 Or App 69, 498 P2d 792 (1972), and the uniform citation is not controlled by the statutes which apply to indictments. *State v. Waggoner,* 228 Or 334, 365 P2d 291 (1961). In *Waggoner* the complaint charged the

[ 913 ]

offense simply as DUIIL, the Supreme Court in rejecting a challenge to the complaint said:

> "It is readily apparent that the legislature intended to make traffic complaints effective even though a person defending against one might have to make some reasonable inquiry of the arresting officer or of some other person in order to know exactly what offense is charged. * * *" 228 Or at 337.

Given the purposes of the uniform traffic citation system the same "reasonable inquiry" principle would apply to challenges of alleged defects in other parts of the citation. Here the claim is that the complaint does not properly name the court or the public body in whose name the action will be prosecuted. The complaint bears the caption "State of Oregon" and "Court: [X] District" additionally defendant was summoned to appear at the Coos County Courthouse. With this information on the complaint and a reasonable inquiry, defendant could determine the charge was to be prosecuted in the district court with the State of Oregon as the plaintiff. The additional notation "City of Bandon" would then be a surplus averment not affecting the sufficiency of the complaint.

■■ The fact the arresting officer checked two boxes thus designating the offense as a "violation of state statute" and "city ordinance" does not affect the validity of the complaint. The court obtains its jurisdiction over the particular case by the allegations of the offense in the charging portion of the complaint. The designation that the offense is a violation of a particular body of law is merely a legal conclusion set forth by the arresting officer which is surplusage and may be disregarded in determining the sufficiency of the complaint. *State v. Runyon,* 62 Or 246, 124 P 259 (1912).

An early case, *State v. Runyon, supra,* remains the guiding principle in Oregon. There the Supreme Court was faced with determining the validity of an indictment which in substance charged a violation of a

county ordinance forbidding the sale of alcoholic beverages and then concluded " 'contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Oregon.' " The court said:

> "* * * The sufficiency of an indictment, when properly challenged, is to be determined from a consideration of the averments of fact constituting the commission of a crime. The determination cannot be predicated upon a contemplation of the terminating clause of the accusation, the language of which is nothing more than the mere conclusion of law * * * and such ending may be entirely omitted without vitiating the indictment. * * *" 62 Or at 253.

■ If the defendant is unsure after reading the charge in the complaint as to which body of law will be applied—statute or ordinance—the court at time of arraignment may make the designation or require the prosecutor to elect.

■ Defendant claims the court is improperly designated in the complaint as the "City of Bandon, District Court" and secondly, the proper name of the court is "the District Court of the State of Oregon in and for the County of Coos." District courts are state courts, consequently the City of Bandon is not authorized to have a district court. We do not read the complaint as naming the court the "City of Bandon, District Court." Rather the court is designated by the words "Court: District" which is a sufficient designation to comply with ORS 484.150(3) and 484.170(1). To the average person the term district court means the same as "the District Court of the State of Oregon for the County of Coos." *See State v. Swank,* 99 Or 571, 195 P 168 (1921). Defendant was cited to appear in the Coos County Courthouse in the District Court to answer a charge of driving while under the influence of intoxicating liquor. There is no prejudice to a substantial right of defendant by these mistakes which would require the complaint to be dismissed or set aside. ORS 131.035

applies to pleadings in the form of a uniform traffic citation and complaint; it provides:

"No departure from the form or mode prescribed by law, error or mistake in any criminal pleading, action or proceeding renders it invalid, unless it has prejudiced the defendant in respect to a substantial right."

■ A sporting theory of justice might assume a defendant is entitled to take advantage of mistakes in pleading a traffic charge, however, we decline to raise that trial strategy to the level of a substantial right requiring the complaint to be set aside. The complaint is sufficient. There was no error in refusing to set it aside.

### The Motion for Mistrial

Defendant was arrested following a collision of the car he was driving with another moving vehicle. During the trial in circuit court the driver of the other vehicle testified:

"A. * * * He [the arresting officer] then took him [the defendant] back to the patrol car and he put him in the back seat and I in turn got in the front seat of the patrol car and he asked him a bunch of questions and then he told him that he would have to take him to Coquille to jail to have a breath test."

The defendant had refused to take a breath test. (The former ORS 483.634.) Defendant immediately moved for a mistrial which was denied after argument outside the presence of the jury. When the jury was returned the court struck the witness' statement regarding a breath test and instructed the jury to disregard it. The court continued:

"* * * If you think you cannot do this I will declare a mistrial. If you feel that you can disregard it and follow my instructions, I will proceed with the case. Now I am going to give you a few seconds to think it over in your own minds and see if you can put yourself in a frame of mind where you can totally disregard it and then I will ask for a show of hands.

"* * * * *

"THE COURT: All right, all 12 of you have told me that and it is in a nature of a promise to me and a promise to the parties and for the system of law that you will disregard this."

By statute (the former ORS 483.634(3)), it is improper for a prosecutor to place before the jury the fact defendant refused to take a breath test and it is equally improper to accomplish this purpose by indirect reference to a breath test. There is no intimation the evidence was deliberately injected by the prosecutor; in fact the record discloses the remark was unresponsive and from a lay witness. The granting of a mistrial is not, however, to punish counsel but to insure the defendant an unprejudiced determination of his guilt. The issue of prejudice is originally for the trial court to determine in its discretion and the decision respecting the motion to grant or deny a mistrial will be reversed only for manifest abuse of discretion.

Litigants often argue once inadmissible testimony is presented the bell has rung and an attempt to unring the bell merely succeeds in ringing it louder. This analogy has appealing logic, but evinces a certain cynicism about the jury system which we decline to import into the analysis of mistrial rulings as the dispositive factor. The statute forbidding evidence of a motorist's refusal to take a breath test does not automatically mandate a mistrial when such evidence is injected in the trial. Aborting a proceeding by mistrial is not favored in the law. Litigants are entitled to a fair trial and an expeditious resolution of the trial in which they are involved. Before granting a mistrial it is proper and preferable for the trial court to take curative action if such action can be taken consistent with maintaining defendant's right to a fair trial, or the court may simply deny the motion for mistrial and take no other action if that likewise can be done in fairness to the defendant. *State v. Embry,* 19 Or App 934, 530 P2d 99 (1974), Sup Ct *review denied* (1975); *State v. Poole,* 11 Or App 55, 500 P2d 726, Sup

Ct *review denied* (1972); *State v. Williams,* 10 Or App 430, 500 P2d 494 (1972); *State v. James Edward Smith,* 4 Or App 261, 478 P2d 417 (1970). In this case the court selected a reasonable alternative to termination of the trial by striking the offending phrase and instructing the jury to disregard the evidence in its deliberations. We must presume the jury abided by the court's instructions. *State v. Oland,* 1 Or App 272, 461 P2d 277 (1969), Sup Ct *review denied* (1970). We find no abuse of discretion in refusing to grant defendant's request for mistrial.

Affirmed.

**SCHWAB, C. J.,** specially concurring.

The majority criticizes the arresting officer for filling in "City of Bandon" at the very top of the citation, apparently adopting the defendant's position that this constituted a designation of the city as the prosecuting authority, and/or a statement the case will be tried in the "City of Bandon District Court." I disagree. As I read the citation, "City of Bandon" is properly filled in as the *place* where the citation was executed—as is typical at the beginning of affidavits and other sworn documents.