## STATE OF OREGON,
### *Appellant,*

*v.*

## KATHLEEN MARIE COOK,
### *Respondent.*

### (No. CIT. LO32245, CA 19030)

628 P2d 787

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James M. Brown, former Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Christine A. Prescott, Portland, argued the cause and filed the brief for respondent.

648

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

The state appeals from an order dismissing a Uniform Traffic Citation. We reverse.

Defendant was charged in district court by a Uniform Traffic Citation which described her offense as "Misuse of O.D.L (False Info to Police Officer)." Prior to trial, defendant moved to set aside the complaint. Defendant argued that the complaint designated two offenses in that it could not be readily understood from the language used whether she had been charged with "Misuse of License" or with "Furnishing False Name to a Police Officer." The court allowed the motion on the ground that, while the citation could be read as charging only a violation of ORS 482.610(6),[1] it could also be read as duplicitously charging both a violation of that subsection and a violation of some other subsection of ORS 482.610, or at least as duplicitously charging either that defendant gave false information to a police officer by displaying a license which was not her own or that she gave false information to the officer in some other prohibited fashion.

_____

[1] ORS 482.610 provides:

"No person shall commit any of the following acts:

"(1) Display or cause or permit to be displayed or possess any operator's or chauffeur's license, instruction permit or special permit, knowing it to be fictitious or to have been canceled, revoked, suspended or fraudulently altered.

"(2) Lend to, or knowingly permit the use of, by any other person, any operator's or chauffeur's license, instruction permit or special permit issued to the person so lending or permitting its use.

"(3) Display or represent as one's own, any operator's or chauffeur's license, instruction permit or special permit not issued to the person so displaying it.

"(4) Fail or refuse to surrender to the division, upon demand, any operator's or chauffeur's license, instruction permit or special permit which has been suspended, canceled or revoked.

"(5) Use a false or fictitious name, give a false or fictitious document to establish age or identity or give a false or fictitious address in any application for any operator's or chauffeur's license, instruction permit or special permit, or any renewal or duplicate thereof, or knowingly give a false age, or make a false statement, or knowingly conceal a material fact or otherwise commit a fraud in any such application.

"(6) Knowingly use a false or fictitious name, knowingly give a false or fictitious address or knowingly give a false date of birth to any police officer for any violation of the motor vehicle laws.

The state appeals, pursuant to ORS 484.170(2),[2] contending that the citation is not duplicitous but charged a violation of ORS 482.610(6) with sufficient specificity to satisfy the standards established by *State v. Waggoner,* 228 Or 334, 365 P2d 291 (1961). We agree.

In *Waggoner,* 228 Or at 337, a traffic citation was held sufficient even if "* * * a person defending against one might have to make some reasonable inquiry of the arresting officer or of some other person in order to know exactly what offense is being charged." We think the *Waggoner* "reasonable inquiry" principle should apply not only to the question of what offense is charged, but also, as here, to the question of whether more than one offense is charged. *See State v. Atkinson,* 28 Or App 909, 562 P2d 978 (1977).

On application of this principle we conclude that defendant could, on reasonable inquiry, determine that the citation charged a violation of ORS 482.610(6). Defendant acknowledges that the statute is commonly referred to as the "misuse statute."[3] Therefore, we believe that defendant could, upon reasonable inquiry, determine that the designation on the citation, "Misuse of O.D.L.," referred to the statute generally, and the parenthetical notation "False Info to Police Officer" referred to the specific subsection violated.

Reversed and remanded for trial.

---

"(7) A person who violates any provision of this section commits a Class A Misdemeanor."

[2] ORS 484.170(2) provides:

"The complaint shall be set aside by the court upon motion of the defendant before plea when the complaint does not conform to the requirements of this section. A pretrial ruling on a motion to set aside may be appealed by the state."

[3] Although titles of statutes have no legal significance, ORS 174.540, it is not uncommon to use abbreviated expression of statutory titles to describe an offense. The "title" of ORS 482.610 reads:

*"Misuse* of license; fraud in securing license; use of false name to police officer." (Emphasis added.)